F I L E D
**United States Court of Appeals
Tenth Circuit**

**June 18, 2007**

**Elisabeth A. Shumaker
Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROGELIO CARDOSO,

        Plaintiff-Appellant,

v.

SAM CALBONE, Warden; TANYA
VANWEY, Recreation Officer; GREG
COURTNEY, Recreation Supervisor;
JEREMY DAVIS, Correctional
Counselor/Case Manager; JEWEL
BEASLEY, Correctional Officer, Lt.;
RUSSELL STEWART, Correctional
Officer; TRAVIS SMITH, Assistant
Warden; JOE SPRUIELL, Unit
Manager; HORACE ALEXANDER,
Correctional Counselor/Case Manager;
MELINDA GUILFOYLE, Director's
Designee; RON WARD, Director,

        Defendants-Appellees.

No. 06-6266

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CIV-04-1212-L)**

Submitted on the briefs:[*]

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

(continued...)

Rogelio Cardoso, Pro Se.

Anne E. Zachritz, Jennifer B. Scott, of Andrews Davis, Oklahoma City, Oklahoma, for Defendants-Appellees Sam Calbone, Tanya Vanwey, Greg Courtney, Jeremy Davis, Jewel Beasley, Russell Stewart, Travis Smith, Joe Spruiell, and Horace Alexander.

Linda Soper, Assistant Attorney General, Oklahoma Attorney General's Office, Litigation Section, Oklahoma City, Oklahoma, for Defendants-Appellees Ron Ward and Melinda Guilfoyle.

_____

Before **BRISCOE**, **McKAY**, and **GORSUCH**, Circuit Judges.

_____

**BRISCOE**, Circuit Judge.

_____

Plaintiff Rogelio Cardoso, an Oklahoma inmate proceeding pro se here as in the district court, appeals the district court's grant of summary judgment in favor of defendants on his claims that they violated his constitutional rights. He filed suit under 42 U.S.C. § 1983 alleging that defendants abridged his due-process rights when they reduced his security-classification level from four to two, which adversely affected the rate at which he could earn credits against his sentence. In addition, he seeks damages for defendants' violation of his rights in a disciplinary proceeding that resulted in a sentence to administrative segregation

_____

[*](...continued)
therefore ordered submitted without oral argument.

-2-

and a loss of 180 earned credits.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

*Background*

During the relevant time, Mr. Cardoso was incarcerated at Great Plains Correctional Facility, a private prison.  On February 3, 2004, he was called out of his cell during a shakedown.  While waiting to return to his cell, he had an exchange with prison personnel, including defendant Vanwey, a prison recreational officer.  Shortly thereafter, defendant Spruiell, his unit manager, informed him that his security classification level would be lowered from four to two because during the shakedown he had been disrespectful and had exhibited a poor attitude to staff.  Under Oklahoma's inmate-classification system, an inmate is entitled to have his term of imprisonment reduced based upon the class level to which he is assigned.  Okla. Stat. Ann. tit. 57, § 138(A).  While at level four, Mr. Cardoso earned forty-four credits per month, but at level two, he earned only twenty-two.  *See id.* § 138(D)(2)(b).

The next day, February 4, Mr. Cardoso's adjustment review committee issued a report officially dropping his security classification level to two.  On February 6, Mr. Cardoso prepared request-to-staff forms and presented one form each to defendants Vanwey and Smith.  As a result, Mr. Cardoso was issued a citation for coercion of staff, later reduced to a charge of individual disruptive behavior.  Following a disciplinary hearing, Mr. Cardoso was found guilty and

-3-

sentenced to thirty days in administrative segregation and a loss of 180 earned credits.

Mr. Cardoso filed grievances challenging both the reduction in classification and the resolution of the disruptive-behavior charge. The grievances were ultimately denied; each was concluded by a decision issued by defendant Guilfoyle. Mr. Cardoso then filed suit. Defendants submitted a special report and filed motions for summary judgment. A magistrate judge recommended granting summary judgment in defendants' favor, and the district court adopted that recommendation following a de novo review.[1]

On appeal, Mr. Cardoso argues (1) the district court, sua sponte, should have construed his § 1983 complaint as a habeas petition filed under 28 U.S.C. § 2241; (2) the prison officials who reduced his credit-earning status did not comply with Okla. Stat. tit. 57, § 138(F); (3) the reduction of his classification level, which adversely affected his opportunity to accrue earned credits, implicated a liberty interest that required due-process protections; (4) defendants maliciously conspired to fabricate the misconduct charge; and (5) defendants

---

[1] Mr. Cardoso concedes that defendant Ward did not participate personally in any of the actions that allegedly violated his constitutional rights. Accordingly, he has not stated a claim against Mr. Ward. *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established."). We construe Mr. Cardoso's pleadings liberally to conclude that they state a claim against each of the remaining defendants.

-4-

acted with malicious intent and violated due process by charging and convicting him in a prison disciplinary proceeding, thus entitling him to money damages.

*Standard of Review*

"We review the grant of summary judgment de novo, applying the same standard the district court should apply under Fed. R. Civ. P. 56(c)." *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) (quotation omitted). For dispositive issues on which the plaintiff will bear the burden of proof at trial, he must "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted). "[E]vidence, including testimony, must be based on more than mere speculation, conjecture, or surmise. Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir.) (citation and quotations omitted), *cert. denied*, 127 S. Ct. 131 (2006). Because Mr. Cardoso is representing himself, we liberally construe his pleadings; however, we do not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*Discussion*

*A. Construe as § 2241 Habeas Petition*

Mr. Cardoso contends that the district court should have construed his claims as a habeas petition under 28 U.S.C. § 2241, even though he never made that request in the district court. His complaint did not challenge the execution of his sentence, which is the proper purpose of a § 2241 petition. *See Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006). Rather, the complaint sought money damages based on various defendants' allegedly improper actions. We decline to impose upon district courts a requirement to address claims and legal theories not presented. In addition, "we find no reason to deviate from the general rule that we do not address arguments presented for the first time on appeal." *United States v. Helmstetter*, 479 F.3d 750, 755 (10th Cir. 2007) (quotation and alteration omitted).

*B. Reduction in Credit-Earning Status*

Mr. Cardoso alleges that his constitutional rights were abridged by the reduction in his ability to earn credits against his sentence. He first claims that the defendants who signed the adjustment review report reducing his classification level failed to comply with Okla. Stat. tit. 57, § 138(F) (pertaining to adjustment review committees). He complains that they did not hold a meeting to review his case and that Mr. Spruiell wrote up the report for the others to sign, thus preventing them from exercising their discretion. "An action under § 1983,

however, cannot be maintained on the basis of alleged violations of state law." *Stanko v. Maher*, 419 F.3d 1107, 1117 (10th Cir. 2005). Accordingly, Mr. Cardoso is not entitled to relief on this claim.

Mr. Cardoso also asserts that he was deprived of his due-process rights when defendants reduced his classification level, which, in turn, reduced the number of earned credits he could accrue each month. He contends that Okla. Stat. tit. 57, § 138 created a liberty interest in the rate at which he could accrue earned credits. Therefore, he maintains that he was entitled to due process to determine whether Mr. Spruiell's assessment of his behavior as disrespectful was supported by any evidence. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (announcing the process due in prison disciplinary proceedings).

Mr. Cardoso relies on *Wilson v. Jones*, 430 F.3d 1113, 1120-21, 1123 (10th Cir. 2005), *cert. denied*, 127 S. Ct. 158 (2006), the most recent published Tenth Circuit case addressing an Oklahoma prisoner's credit-earning status. Inexplicably, defendants did not mention *Wilson* in their appellate briefs. In *Wilson*, the plaintiff, an Oklahoma state prisoner, was convicted of a Class X misconduct, which required his classification level to be reduced from four to one. 430 F.3d at 1115. The mandatory reduction implicated a liberty interest because "[p]rison officials exercised absolutely no discretion over the imposition of [the punishment] and had no discretion to allow [plaintiff] to avoid [punishment]." *Id.* at 1120-21. Because the misconduct conviction "'inevitably

affect[ed] the duration of [the prisoner's] sentence,'" *id.* at 1120 (quoting *Sandin v. Conner*, 515 U.S. 472, 487 (1995)), he was entitled to the due-process protections of *Wolff*, 418 U.S. at 557, *Wilson*, 430 F.3d at 1124.

In contrast to *Wilson*, the reduction of Mr. Cardoso's classification level was not mandatory. Under the applicable scheme, an adjustment review committee is vested with discretion to determine a prisoner's classification level based on various subjective factors, including evaluations for participation in work, education, or program assignments; an ability to maintain adequate standards for his personal hygiene and maintenance of his living area; and cooperative behavior toward facility staff and other inmates. Okla. Stat. tit. 57, § 138(D)(1) & (3). The committee uses an evaluation scale from "outstanding" to "poor" to assess an inmate's performance and assign a classification level. *Id.* § 138(D)(4). Objective factors, such as length of incarceration and whether an inmate has been given a work, education, or program assignment, must also be considered in determining an inmate's classification level, *see id.* § 138(D)(1), but the majority of the criteria are subjective, *see id.* § 138(D)(1), (3) & (4).

Accordingly, we reject Mr. Cardoso's argument that *Wilson* recognized an unconditional liberty interest in an Oklahoma prisoner's credit-earning classification. We conclude that because the determination that Mr. Cardoso was disrespectful to staff and the attendant decision to reduce his classification level were discretionary, no liberty interest was implicated. This conclusion comports

-8-

with "the view expressed [by the Supreme Court] that federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Sandin*, 515 U.S. at 482.

We turn to Mr. Cardoso's final argument in support of a liberty interest in his classification level. He claims that a liberty interest was implicated by Mr. Spruiell's memorandum reducing his credit-earning level because it contained derogatory remarks that injured his reputation. The memorandum characterized Mr. Cardoso's behavior toward prison staff as disrespectful. He contends that this injury to his reputation, coupled with the reduction in his credit-earning level, satisfied the "stigma plus" standard articulated in *Gwinn v. Awmiller*, 354 F.3d 1211, 1216 (10th Cir. 2004), where this court held that classifying the plaintiff as a sex offender, together with the registration and treatment requirements for sex offenders, implicated a liberty interest. The *Gwinn* plaintiff therefore was entitled to due process before being classified as a sex offender. *Id.* at 1217. In contrast, the characterization of Mr. Cardoso's conduct as disrespectful to prison staff does not rise to the level necessary to injure his reputation. *Gwinn* is inapposite. Because the reduction in Mr. Cardoso's classification level does not implicate a liberty interest, the district court correctly granted summary judgment to defendants.

## C. Disciplinary Proceedings

Mr. Cardoso asserts that some or all of the defendants conspired to violate his rights by fabricating the misconduct charge of coercion of staff, later changed to individual disruptive behavior. He has not alleged "specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). Accordingly, his conclusory allegations of a conspiracy are insufficient to state a § 1983 claim. *See id.*

Mr. Cardoso next alleges that defendants violated his due-process rights as follows: (1) defendants conspired with malicious intent to charge and convict him of the misconduct violation; (2) defendant Courtney prepared a memo falsely accusing him of "bugging [M]rs. Vanwey about his write up," R. Vol. I, Doc. 22, Attach. 7 at 6; (3) he did not receive advance notice of the disciplinary hearing; (4) the disciplinary hearing officer (DHO) ruled against him, finding erroneously that "some evidence" supported the conviction; (5) the DHO did not state the facts on which inferences were based or give reasons for finding that the report of the prison official was more credible than the reports by Mr. Cardoso and his witness; and (6) the DHO based her decision, in part, on a mistaken belief that Mr. Cardoso violated a rule against handing request-to-staff forms directly to prison personnel. As relief for the alleged due-process violations, Mr. Cardoso is seeking to recover money damages. *Id.*, Vol. II, Doc. 46, at 5.

Mr. Cardoso's claims are foreclosed by *Edwards v. Balisok*, 520 U.S. 641 (1997). There, the Supreme Court explained that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Id.* at 643 (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). This rule also applies to challenges to punishments imposed as a result of prison disciplinary infractions. *See Edwards*, 520 U.S. at 648. We have considered the allegations underlying Mr. Cardoso's due-process claim, and we agree with the district court that a judgment in his favor would necessarily imply the invalidity of his disciplinary conviction. Consequently, because Mr. Cardoso has not shown that the conviction for individual disruptive behavior has previously been invalidated, his request for damages resulting from his prison disciplinary proceedings was correctly denied based on *Heck* and *Edwards*.

The judgment of the district court is AFFIRMED.