**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MERCE BAROCIO,

Petitioner-Appellant,

v.

JUSTIN JONES,

Respondent-Appellee.

No. 06-6293
(D.C. No. 05-CV-1259-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

Petitioner Merce Barocio, an Oklahoma state prisoner appearing pro se,

filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 alleging that

prison officials arbitrarily reduced his earned-credit level without due process.

The district court referred the matter to a magistrate judge, who recommended

that the petition be denied. Over petitioner's written objections, the district court

---

[*]        After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

adopted the magistrate judge's report and recommendation (R&R) and denied the petition. This court granted a certificate of appealability and ordered the respondent to file a brief, which he has done. Exercising jurisdiction under 28 U.S.C. § 2253, we grant petitioner's motion to proceed *in forma pauperis* and affirm the district court's judgment.

## I. Background

Before turning to the particular facts of this case, we first outline the relevant provisions of Oklahoma's inmate-classification system. Under that system, "every inmate of a state correctional institution shall have their term of imprisonment reduced monthly, based upon the class level to which they are assigned." Okla. Stat. tit. 57, § 138(A). There are four class levels. An inmate in Level II, III, or IV earns credits each month toward early release, whereas an inmate in Level I earns no credits. *See id.*, § 138(D)(2)(b). "Each earned credit is equivalent to one . . . day of incarceration." *Id.*, § 138(A). To be assigned to Level IV, the highest level, an inmate must have been incarcerated for eight months and must have received an "outstanding" evaluation in a number of different behavioral categories, including work performance. *Id.*, § 138(D)(1)(d). The inmate's adjustment review committee has the discretion to demote an inmate from Level IV if it determines that the inmate's performance in any of the behavioral categories falls below "outstanding." *See id.*, § 138(B), (D)(3), (F). Because classification in Level II requires a "good" evaluation in the behavioral

categories, an inmate who receives a "poor" evaluation in a behavioral category can be demoted to Level I. *See id.*, § 138(D). The adjustment review committee is to evaluate each inmate's class level and performance "[a]t least once every four . . . months" to "determine whether or not the class level for the inmate should be changed." *Id.*, § 138(F).

The policy of the Oklahoma Department of Corrections (ODOC) in effect when petitioner's earned-credit level was reduced further provided that demotions to Level I may occur "whenever deemed appropriate by the facility/unit classification committee." ODOC Policy OP-060107, ¶ I.C.2.a. (eff. Dec. 29, 2004). The policy also indicates that assignment to Level I may occur in a limited number of mandatory circumstances, including "removal from a job . . . assignment due to nonperformance or misconduct related to the job." *Id.*, ¶ I.C.2.a.3. The policy contemplates that such job "[f]ailures will be documented by an offense report . . . . Assignment to Level I in lieu of an offense report can only be done by the facility classification committee." *Id.*

Against this backdrop, we now turn to the facts of this case. While a Level-IV prisoner at the Lawton Correctional Facility, a private prison in Oklahoma, petitioner worked in a garment factory in the Oklahoma Correctional Industries (OCI). As petitioner's work supervisor, Tom Lewis, later described events, he told petitioner on February 9, 2005, "to turn in a job change because he was having trouble coming to work and staying all day." R., Doc. 15, Ex. 1.

A prison officer, Howard Trahan, apparently told petitioner's unit manager, Clifford Barnard, that petitioner was fired from his job with the OCI. *See id.*, Ex. 4. On February 14, petitioner's facility classification committee/unit team[1] (Unit Team) completed an Intra-Facility Assignment Form, which showed a change in job status from "OCI" to "Job Pool," effective February 21, 2005, and which noted that, "Per T. Lewis I/M fired he won't come [t]o work." *Id.*, Ex. 2 at 1. Apparently after meeting with petitioner, the Unit Team completed a "New Arrival/Adjustment Review/Earned Credit Level" form dated February 16 (Adjustment Review Form), which states: "Demote to level 1 due to being fired from his job and refusing to go to work." *Id.*, Ex. 2 at 3 (typeface altered). On the Adjustment Review Form, the Unit Team rated petitioner's "Current Patterns of Behavior" as follows: staff—poor; program participation—outstanding; job—poor; other inmates—outstanding; personal hygiene—good; living area—good. *Id.*, Ex. 2 at 2.

Several weeks later, Mr. Lewis sent a memorandum to Mr. Bernard explaining that petitioner "was-not [sic] written-up nor fired" but that "[b]y mutual agreement it was determined that [he] was not cut out for the kind of work" done in the garment factory. *Id.*, Doc. 1, Attach. at 1 (emphasis omitted). Mr. Lewis opined that petitioner's "level should not have been dropped nor any

---

[1]    The term "adjustment review committee" used in the relevant statute and ODOC policy appears synonymous with "facility classification committee/unit team."

sanctions levied against him in any way." *Id.* Mr. Bernard replied that the Unit Team had not issued petitioner a misconduct for being fired, but demoted him to Level I based on his statement that he did not like his assigned job. *Id.*, Doc. 15, Ex. 3. Mr. Bernard further clarified the reasons for reducing petitioner's class level: petitioner "requested this job assignment," "the unit team feels that when an inmate's supervisor requests the inmate be reassigned for failing to come to work, the inmate was fired for a work related misconduct," and "[t]he unit team feels that this action is warranted to ensure that [petitioner] understands the importance of going to work when he is scheduled to work." *Id.* Mr. Bernard also made it clear that petitioner would be reassigned to a new job and could earn a promotion to a higher class level if he performed well. *See id.*

Petitioner's Request to Staff, seeking reinstatement to Level IV, was denied for substantially the same reasons stated in Mr. Bernard's memorandum to Mr. Lewis. *See id.*, Doc. 1, Attach. at 4. After his administrative grievances were denied as untimely, petitioner filed the present habeas action, and the district court referred it to a magistrate judge. In her R&R, the magistrate judge reasoned that because petitioner's demotion to level one was not mandatory and automatic under ODOC policy, he could not demonstrate a liberty interest in remaining at Level IV. The district court adopted the R&R, and petitioner appealed.

## II. Discussion

Petitioner raises five arguments on appeal: (i) the district court erred in rendering judgment without conducting an evidentiary hearing to resolve factual disputes; (ii) the district court's reasoning was inconsistent to the extent the court acknowledged Mr. Bernard's statement that petitioner was fired for work-related misconduct but found that the demotion to Level I was discretionary; (iii) the district court erred in relying solely on the absence of a written misconduct, and overlooked the fact that Mr. Bernard avoided this established procedure in order to skirt any due process requirements; (iv) the duration of petitioner's reduction to Level I is immaterial; and (v) Oklahoma inmates have a liberty interest in their classification level under *Wilson v. Jones*, 430 F.3d 1113 (10th Cir. 2005), *cert. denied*, 127 S. Ct. 158 (2006). We will address the last argument first because it affects our consideration of the others, and we will consider the other arguments in order of analytical convenience. We review the district court's findings of fact for clear error and its legal conclusions de novo. *Burger v. Scott*, 317 F.3d 1133, 1137 (10th Cir. 2003). We construe petitioner's pro se pleadings and other papers liberally, but we do not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

In *Wilson v. Jones*, we held that a misconduct conviction that was the sole reason for a mandatory reduction of an inmate's classification to Level I under Oklahoma's inmate-classification scheme implicated a liberty interest because

prison officials had absolutely no discretion in demoting the inmate. *See Wilson*, 430 F.3d at 1120-21. In such circumstances, we held, the misconduct conviction inevitably affected the duration of the inmate's sentence under *Sandin v. Conner*, 515 U.S. 472, 487 (1995), *see Wilson*, 430 F.3d at 1120, and therefore his due process rights were violated under *Wolff v. McDonnell*, 418 U.S. 539 (1974), because he was convicted of misconduct without any evidence, *see Wilson*, 430 F.3d at 1124.

In contrast, the circumstances surrounding the end of petitioner's employment at the garment factory, while apparently an important factor in the Unit Team's decision, did not *require* the Unit Team to demote him. The Unit Team considered his work performance as one factor in its decision. Notably, the Unit Team also considered petitioner's performance in other behavioral categories, including his "poor" score in the "staff" category, which itself was a sufficient basis for the Unit Team to demote petitioner, in its discretion, to Level I regardless of his work performance. Therefore, the circumstance surrounding the end of his employment at the garment factory was not the sole and mandating cause of his demotion, and *Wilson* is inapplicable. *See Cardoso v. Calbone*, No. 06-6266, ___ F.3d ___, 2007 WL 1739694, at *3 (10th Cir. June 18, 2007) (rejecting the "argument that *Wilson* recognized an unconditional liberty interest in an Oklahoma prisoner's credit-earning classification" and holding that

discretionary inmate-classification decisions in Oklahoma do not implicate a liberty interest).

Petitioner's remaining arguments do not compel a different conclusion. Because petitioner was not actually removed from his job, his level reduction was not mandated by ODOC Policy OP-060107, ¶ I.C.2.a.3. It therefore follows that no offense report or written misconduct was required, and the magistrate judge justifiably relied on the absence of any such writing in support of her determination that the demotion was discretionary. Any erroneous view the Unit Team may have had that petitioner was, in fact or in effect, removed from his job within the meaning of ODOC Policy OP-060107, ¶ I.C.2.a.3., as suggested by the written comments on the Intra-Facility Assignment Form and the Adjustment Review Form, does not give rise to a liberty interest subject to due process protections under *Wilson*. Nor does it suggest that the Unit Team avoided issuing a misconduct to petitioner in order to skirt any due process requirements that might attend a mandatory demotion. The fact remains that he was not fired, and therefore we do not view the magistrate judge's conclusion that the Unit Team's decision was discretionary as inconsistent with her acknowledgment of the Unit Team's written comments that petitioner was demoted because he was fired. Again, the Unit Team considered other factors in reaching its decision that permitted discretionary demotion to Level I regardless of petitioner's work performance. Thus, we agree with the magistrate judge that any factual dispute

about petitioner's absences from work were not critical to the disposition of his claims, and consequently we reject his argument that he was entitled to an evidentiary hearing concerning Mr. Bernard's "determination" of his work performance.

Finally, we agree with petitioner that the potentially minimal duration of his reduction to Level I is an immaterial distinction from *Wilson*, where the inmate was not permitted to be promoted above Level II for two years even if he earned such a promotion, *see Wilson*, 430 F.3d at 1116. But in view of our conclusion that petitioner's case does not fall within *Wilson*, the significance the magistrate judge placed on this distinction was harmless.

The judgment of the district court is AFFIRMED. Petitioner's motion to proceed *in forma pauperis* on appeal is granted, and he is reminded of his obligation to continue making partial payments until his filing fee is paid in full.

Entered for the Court

Mary Beck Briscoe
Circuit Judge