FILED
United States Court of Appeals
Tenth Circuit

March 26, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL DOYLE,

Plaintiff - Appellant,

v.

SGT. CELLA; C.O. REYES; LT.
KENTOPLISS; LT. FAZZINO;
EVANS, Case Manager; R. VIOLA,
Mail Officer; LT. TOLLIS; FOSHEE,
Associate Warden; ABBOTT, Warden,

Defendants - Appellees.

No. 08-1398

(D. Colorado)

(D.C. No. 1:07-cv-01126-WDM-KMT)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Michael Doyle, a prisoner proceeding pro se, sued officials at the Colorado

Territorial Correctional Facility under 42 U.S.C. § 1983, alleging a number of

constitutional violations. In a thorough opinion the United States District Court

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for the District of Colorado dismissed his suit in its entirety. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We begin by summarizing Mr. Doyle's claims and the district court's reasons for dismissing them: First, Mr. Doyle claimed a violation of his due-process rights when, without a hearing, he was placed on restricted-privilege status for fourteen-and-a-half months following an incident in which he refused to work in the prison kitchen. The district court dismissed this claim because Mr. Doyle failed to demonstrate a liberty interest for which process was due. To do so, he had to establish that restricted-privilege status "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Estate of DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1339 (10th Cir. 2007) (brackets and internal quotation marks omitted). But the district court noted that the hardships Mr. Doyle alluded to in his pleadings—restrictions on his use of personal property and on socializing with other inmates—did not rise to the level of atypical hardships. Nor did his placement in what he characterized as a "punishment cell with 'Aids inmates,'" R. Doc. 28 at 9, because he failed to present specific allegations regarding a physical threat from the specified inmates.

Second, Mr. Doyle claimed that another due-process violation occurred when, after already being placed on restricted-privilege status, he was placed in administrative segregation because he refused to go to his cell after being ordered to do so. The district court ruled that such placement did not implicate a liberty

interest because all that Mr. Doyle was alleging was that he had been placed in administrative segregation pending a disciplinary hearing, which failed to constitute an atypical or significant hardship.

Third, Mr. Doyle claimed that he did not receive a fair disciplinary hearing regarding the second incident because (1) the two officers involved in the incident, Sergeant Cella and Correctional Officer Reyes, allegedly submitted false reports of the incident; (2) at the hearing he was not allowed to utilize a surveillance-video tape of the incident; and (3) he was not allowed to call Cella and Reyes as witnesses. Ultimately, Mr. Doyle's claims amount to challenges to his convictions for violating the Colorado Department of Corrections Code of Penal Discipline (COPD). But, as the district court noted, 42 U.S.C. § 1983 is inapplicable to "'challenges to punishments imposed as a result of prison disciplinary infractions,'" unless the disciplinary conviction has been set aside. R. Doc. 91 at 7 (quoting *Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007)). Because Mr. Doyle's COPD convictions have not been set aside, the district court dismissed his fair-hearing claim.

Fourth, Mr. Doyle claimed that Cella and Reyes destroyed or confiscated property in his cell, including his headphones and glasses, when they transferred him to administrative segregation. The district court said that if the claim is based on the officials' negligence, it is not cognizable under 42 U.S.C. § 1983, which extends only to *deliberate* deprivations of constitutional rights. *See Rost*

*ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1126 (10th Cir. 2008) ("[N]egligent government conduct is insufficient to prove liability under § 1983."). And if Mr. Doyle's claim rested on deliberate misconduct, the court noted, he ran into a separate barrier: Intentional destruction of property does not violate due process if there are adequate state postdeprivation remedies. *See Moore v. Bd. of County Comm'rs*, 507 F.3d 1257, 1260 (10th Cir. 2007). As the district court observed, Colorado provides such a remedy because Colo. Rev. Stat. § 24-10-105(1) allows tort actions against public employees for "willful and wanton" actions.

Fifth, Mr. Doyle claimed that his right to access to the courts was violated. He alleged that he did not receive various mailings that he had requested from legal-service organizations. The district court rejected this claim because Mr. Doyle failed to show how the denial of legal materials frustrated his ability to pursue a nonfrivolous legal claim. *See Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (to challenge the denial of legal resources, a litigant must show that the denial "hindered the prisoner's efforts to pursue a nonfrivolous claim"). Mr. Doyle also alleged that letters he sent to law firms seeking representation were "[r]efused." R. Doc. 8 at 12. The district court rejected this claim because Mr. Doyle failed to specify how any of the named defendants were personally involved in the refusal. *See Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's direct personal

-4-

responsibility for the claimed deprivation of a constitutional right must be established.").

Finally, the district court dismissed claims that were not specifically denominated in Mr. Doyle's complaint. To the extent that he asserted claims against two named defendants, Warden Abbott and Associate Warden Foshee, those were dismissed because Mr. Doyle failed to allege with specificity their personal involvement in the asserted misconduct. And to the extent that Mr. Doyle's vague and meandering complaint alluded to claims other than those disposed of above, the district court dismissed them all for failure to comply with the requirement of a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).

For substantially the reasons stated by the district court, we AFFIRM. We DENY Mr. Doyle's pending motions, including those seeking a change of venue and leave to appeal without prepayment of filing fees. We ORDER Mr. Doyle to pay immediately the unpaid balance due.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-5-