NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 28, 2012[*]
Decided September 4, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

Nos. 12-1386 & 12-1639

| | |
|---|---|
| YAROSLAV S. SKLYARSKY, <br>     *Plaintiff-Appellant,* <br><br>     *v.* <br><br> ABM JANITORIAL SERVICES - NORTH CENTRAL, INC., <br>     *Defendant-Appellee.* | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 09 C 2774 <br><br> William T. Hart, <br> *Judge.* |

## O R D E R

Yaroslav Sklyarsky appeals from a grant of summary judgment against him in this action alleging that his employer, by disciplining him, discriminated against him because of his national origin and retaliated against him for protesting discrimination. Specifically, Sklyarsky contends that ABM Janitorial Services discriminated against him because of his

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Ukrainian national origin when it issued four reprimands over a 14-month period. *See* 42 U.S.C. §§ 1981, 2000e-2(a). He also alleges that ABM retaliated against him with these reprimands because he filed charges with the Equal Employment Opportunity Commission and sued another employer two years before the first reprimand. *See id.* § 2000e-3(a). Because he has not offered sufficient evidence for either claim, we affirm the judgment.

The relevant facts in this appeal are undisputed, and we view them in the light most favorable to Sklyarsky, the nonmoving party. *See, e.g., Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012). Sklyarsky has been a janitor at the 300 Riverside Plaza building in downtown Chicago since 1999. The building management hires contractors like ABM for its janitorial needs. The collective-bargaining agreement between ABM and the union to which Sklyarsky belongs provides that Sklyarsky's employment location is tied to 300 Riverside Plaza rather than the contractors. Thus Sklyarsky has remained at 300 Riverside Plaza even as the building's contractors—his employers—have changed several times since 1999.

ABM disciplined Sklyarsky four times within two years. The first discipline occurred in April 2008 when Violeta Stosic, Sklyarsky's supervisor, reprimanded him for refusing to complete a work assignment. Stosic reprimanded Sklyarsky again six months later, this time for failing to correct deficiencies in his cleaning. Neither of these reprimands caused Sklyarsky to lose any pay or work time. Stosic reprimanded Sklyarsky a third time about a half year later for failing to improve his cleaning. Because Sklyarsky had two recent reprimands with ABM and ABM uses progressive discipline, after this third reprimand ABM suspended him for one day without pay. Sklyarsky's fourth reprimand came three months later for contacting without permission the building management about a tenant's complaint. Sklyarsky did not lose any pay or work time as a result of his fourth reprimand, but ABM sent him a written "final warning" that "[a]ny future attempts to communicate with the Building Management will result in [your] immediate termination . . . ."

The district court granted summary judgment for ABM, determining that Sklyarsky had not established a prima facie case for either his discrimination or retaliation claim. The court first addressed the discrimination claim. It ruled that only the third reprimand constituted an adverse employment action because the other three had not affected Sklyarsky's pay or altered a tangible job benefit. As to that reprimand, the court ruled that Sklyarsky could not establish two other elements of a prima facie case. First, he offered no evidence that he was meeting ABM's legitimate expectations; second, he could not show that he was treated less favorably than a similarly situated, non-Ukranian coworker.

The court then addressed the retaliation claim. Unlike its analysis of the discrimination claim, the court ruled that both the third and fourth reprimands were adverse employment actions; the court reasoned that a "materially adverse action" for a

retaliation claim can include a reprimand, like the final one here, that threatens the loss of a job and therefore might dissuade a reasonable worker from protesting discrimination. *See Benuzzi v. Bd. of Educ. of Chi.*, 647 F.3d 652, 665 (7th Cir. 2011). But the claim still failed, the court concluded, because Sklyarsky had not submitted sufficient evidence to suggest that his protected activities caused ABM to reprimand him.

On appeal Sklyarsky first challenges the district court's dismissal of his discrimination claim. He argues that ABM's disciplinary records show that the company treated him differently than other employees. He also contends that his second reprimand should have been treated as an adverse employment action because his emotional distress from receiving that reprimand caused him to be hospitalized and take 12 hours of unpaid sick leave. Finally, he insists that the court should not have granted summary judgment because the allegations in his complaint establish a prima facie case of discrimination.

We address these contentions in reverse order. First, mere allegations in a complaint cannot create an issue of fact to defeat summary judgment. *See* FED. R. CIV. P. 56(c), (e); *BPI Energy Holdings, Inc. v. IEC (Montgomery), LLC*, 664 F.3d 131, 135 (7th Cir. 2011); *Burrell v. City of Mattoon*, 378 F.3d 642, 648–49 (7th Cir. 2004); *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007); *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). Thus, the district court properly looked only to the admissible evidence submitted by the parties.

Second, we agree with the district court that Sklyarsky's second reprimand was not an adverse employment action for purposes of his discrimination claim. For a claim of discrimination, an adverse employment action must materially alter the terms or conditions of employment. *See Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 602 (7th Cir. 2009) ("[W]ritten reprimands without any changes in the terms or conditions of . . . employment are not adverse employment actions."); *Oest v. Ill. Dep't of Corr.*, 240 F.3d 605, 612–13 (7th Cir. 2001) (finding that written reprimands received under progressive discipline policy were not adverse employment actions); *Mathirampuzha v. Potter*, 548 F.3d 70, 78 (2d Cir. 2008); *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008). Even though Sklyarksy alleges that the second reprimand left him ill, it did not change his employment conditions and therefore cannot support a claim of discrimination. *See Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006) (explaining that the terms of the anti-discrimination provision of Title VII "explicitly limit the scope of that provision to actions that affect employment or alter the conditions of the workplace.").

Last, we also agree with the district court that the record contains no evidence that in imposing discipline ABM treated any other employee similarly situated to Sklyarsky more favorably. To be "similarly situated," the employee needs to have roughly the same

performance, qualifications, and conduct as the plaintiff. *See Harris v. Warrick Cnty. Sheriff's Dep't*, 666 F.3d 444, 449 (7th Cir. 2012); *Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 644 (7th Cir. 2006). Sklyarsky has not identified any such employee. In fact, he told the union and ABM's director of human resources that Stosic treated *all* of the janitors in the *same* unfair manner. And the disciplinary records that Sklyarsky cites show simply that Stosic had given written and verbal warnings to other janitors for various minor infractions; none shows that a non-Ukranian janitor with at least two recent reprimands engaged in conduct similar to Sklyarsky's but was punished less severely.

Sklyarsky also contests the district court's dismissal of his retaliation claim. His principal argument seems to be that because he did not actually commit infractions and his discipline violated the collective bargaining agreement, Stosic's reprimands had to be a retaliatory response to his previous suit and EEOC charges. He adds that the time between his reprimands and protected conduct establishes a causal connection between the two.

We agree that summary judgment was proper on Sklyarsky's retaliation claim. To survive summary judgment, Sklyarsky had to provide evidence that his protected activities caused ABM to reprimand him. *See Arizanovska v. Wal-Mart Stores, Inc.*, 682 F.3d 698, 703 (7th Cir. 2012); *Davis v. Time Warner Cable of Se. Wis., L.P.*, 651 F.3d 664, 677 (7th Cir. 2011). Such evidence could be "(1) suspicious timing, ambiguous statements and other bits and pieces from which an inference of retaliatory intent might be drawn; (2) evidence that similarly situated employees were treated differently; and (3) evidence that the employer offered a pretextual reason for an adverse employment action." *Jajeh v. Cnty. of Cook*, 678 F.3d 560, 570 (7th Cir. 2012). Here, all three categories of evidence are absent.

First, the timing of Sklyarsky's prior suit (which closed in January 2007) and his filing of charges with the EEOC (August and October 2008) is not suspiciously close to his third and fourth reprimands (March and June 2009). *See Kidwell v. Eisenhauer*, 679 F.3d 957, 967 (7th Cir. 2012) (finding that periods of five weeks and two months between alleged retaliatory actions and protected activities "militate against" inference of causation based on suspicious timing); *Healy v. City of Chicago*, 450 F.3d 732, 741 n.11 (7th Cir. 2006) (finding no suspicious timing when events were separated by more than one year). Second, he conceded in his deposition that neither Stosic nor anyone else at ABM ever criticized him for filing his EEOC charges or his suit against ABM's predecessor, and Stosic testified that at the time of the reprimands she had no knowledge of his charges against ABM. Third, as with his discrimination claim, Sklyarsky presents no evidence that ABM treated similarly situated, non-Ukranian janitors more favorably. Finally, Sklyarsky's contention that he did not commit infractions does not establish that the reprimands were a pretext for retaliation. To show pretext, Sklyarsky must present evidence that ABM's reasons for the discipline

were not *honest*, not merely that they were mistaken. *See Silverman v. Bd. of Educ. of Chi.*, 637 F.3d 729, 738, 744 (7th Cir. 2011); *Fercello v. Cnty. of Ramsey*, 612 F.3d 1069, 1082–83 (8th Cir. 2010); *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 586–87 (6th Cir. 2009). No evidence, however, suggests that ABM did not believe that Sklyarsky broke workplace rules.

Sklyarsky also argues that the district court erred in awarding approximately $1,876.41 in costs to ABM under Federal Rule of Civil Procedure 54(d)(1). He does not dispute that ABM was the "prevailing party," but insists that the court was prohibited from awarding costs. He explains that on the form of judgment the court marked a box entitled "other" rather than a box ordering that "the plaintiff recover nothing, the action be dismissed on the merits, and the defendant . . . recover costs from the plaintiff . . . ." But Rule 54(d)(1) provides that costs "should" be awarded unless "a federal statute, these rules, or a court order provides otherwise," and a judgment that is silent about costs is not an order disallowing costs. *See Congregation of the Passion v. Touche, Ross & Co.*, 854 F.2d 219, 221 (7th Cir. 1988). As the district court explained, the judgment neither awarded nor prohibited costs, so the award to ABM was proper. Sklyarsky also argues that the district court should have declined to impose costs because of his indigence, but that exception applies only if a losing party shows that it is incapable of paying court-imposed costs at the time of judgment *or* in the future. *See Rivera v. City of Chicago*, 469 F.3d 631, 635–37 (7th Cir. 2006); *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). As the court noted, Sklyarsky's financial affidavit—which states that he still works at 300 Riverside Plaza and has a monthly income of over $2,600.00—did not meet that standard.

We have reviewed the remaining contentions in Sklyarsky's brief and conclude that none has merit.

**AFFIRMED**.