FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**September 8, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

SHANE WEBSTER UPCHURCH,

    Plaintiff - Appellant,

v.

WASTEQUIP, LLC; TRAVELERS
INDEMNITY AMERICA,

    Defendants - Appellees.

No. 21-7055
(D.C. No. 6:20-CV-00066-RAW)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **HOLMES**, Circuit Judges.
_____

Shane Webster Upchurch, pro se, appeals the district court's order granting

Wastequip, LLC's motion for summary judgment on his claims for discriminatory

discharge under the Americans with Disabilities Act (ADA) and the Age

Discrimination in Employment Act (ADEA), and retaliatory discharge under

Oklahoma's workers' compensation laws.  He also appeals the denial of his motions

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to amend the complaint to add new claims and a new party.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

## I.  BACKGROUND

The district court found the following facts undisputed for summary judgment purposes.  Wastequip hired Upchurch as a full-time welder on April 3, 2018.  He was thirty-nine years old at the time he was hired.  Two weeks later, on April 17, Upchurch sustained a work-related injury to his feet when a component he was welding fell off a table and onto his feet.  He was examined for his injuries at the Family Health Clinic of Southern Oklahoma (FHCSO).  Upchurch was next seen at FHCSO on July 18, when he received an injection in his elbow for an unrelated complaint.

In October 2018, Upchurch began experiencing numbness and tingling in both hands.  In November, he was tested for carpal tunnel syndrome.

On February 28, 2019, Wastequip placed Upchurch on leave under the Family Medical Leave Act (FMLA) to have carpal tunnel surgery performed by his doctor at the Texoma Valley Surgery Center.[2]  On March 7, his doctor performed a second surgery to address Upchurch's carpal tunnel syndrome.  There are no work-injury

---

[1] Travelers Indemnity America was named as a defendant but was never properly served.  Nonetheless, counsel entered an appearance on behalf of the company as an appellee.

[2] The FMLA guarantees the substantive rights of up to twelve weeks of unpaid leave for eligible employees of covered employers for serious health conditions and reinstatement to the former position or an equivalent one upon return from that leave.  *See* 29 U.S.C. §§ 2612(a)(1), 2614(a).

reports concerning either the February or March surgeries. On April 17, Upchurch's doctor issued written confirmation that he could return to full-work duty, without restrictions, starting May 1. He returned to work on that date.

Upchurch arrived at work on May 8, 2019, with a swollen hand and arm. He stated that he did not know what was wrong nor could he recall doing anything that would have caused an injury. He told the plant manager that his hand and arm were fine when he left work the previous evening, May 7. The plant manager advised him to visit his doctor. Upchurch went to Urgent Care Family Care of Calera (UCFCC) for treatment. He returned to UCFCC for a follow-up appointment on May 15. Upchurch's last day of work was May 7.

On May 29, 2019, Upchurch filed a notice of claim for compensation with the Oklahoma Workers' Compensation Commission in which he alleged "[c]arpal tunnel" injury to "both hands & arms" resulting from "[h]eavy repetitive mo[ti]on, [l]ifting." R. at 180.

Although Upchurch's FMLA benefits expired on May 30, 2019, he failed to inform Wastequip when he would return to work. By June 5, he had reached the maximum number of allowable unexcused absences under the company's attendance policy. On or about June 9, Wastequip's vice president of human resources called Upchurch to find out when he planned to return to work or if he had any upcoming doctor appointments. Upchurch failed to provide any updates. Wastequip terminated his employment the following day in accordance with its attendance policy.

## II.  DISTRICT COURT PROCEEDINGS

Upchurch filed suit in March 2020, alleging claims under the ADA, ADEA, and retaliatory discharge under Oklahoma's workers' compensation laws.  Nearly six months after Wastequip filed its answer, Upchurch moved to amend his complaint to add claims under the Equal Pay Act (EPA), 29 U.S.C. § 206(d)(1); the Genetic Information Nondiscrimination Act (GINA), 42 U.S.C. § 2000ff-1(a)(1), (2); and the Fourth Amendment, U.S. Const. amend IV.  Wastequip objected and moved to strike the motion.  As grounds, it cited Upchurch's failure to attach a proposed amended complaint to the motion in violation of the local rules, the futility of the proposed amendment, and undue delay.

While Upchurch's motion to amend was pending, he filed a motion to "Add Party to Action."  R. at 154.  In this motion, he sought "to add party RAW to [this] action, [to include] ALL defendants who have infiltrated [Upchurch's] family, home, body, life, doctor visits with the[ir] 5G mind-altering reading technology hologram . . . to protect HUMAN SCUM Wastequip, Traveler's Ind. America, [and the] Worker's Comp. Commission."  *Id.*  "RAW" is an apparent reference to the presiding judge.  Wastequip opposed the motion.  Again, Upchurch failed to attach a proposed amended complaint.

Not long thereafter, Wastequip filed a motion for summary judgment.  In response, Upchurch filed a two-page "Motion to Deny Summary Judg[]ment," in which he laid out an unsubstantiated summary of his claims.  *Id.* at 206-07.  A month later, he filed a document titled "Supplemental to Denial of Defendant's Summary

4

Judg[]ment Motion," which was a hand-written timeline of events accompanied by a number of unidentified and unauthenticated materials. Suppl. R. at 3. As grounds for the untimely filing, Upchurch accused Wastequip of molestation, rape, torture, and hate crimes, and further alleged that the company held him at gunpoint and then stole his cell phone and prescription medications to hinder his ability to respond to summary judgment. Wastequip moved to strike the supplement as untimely and inappropriate. In response to the motion to strike, Upchurch accused Wastequip of killing his dog and, employing obscene language, asked the court to "set a trial date . . . ASAP[.]" *Id.* at 70. The court struck the response under Fed. R. Civ. P. 12(f), which provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." In a later order, it sua sponte struck Upchurch's Supplemental Denial on the grounds that it contained "abusive [and] offensive language," R. at 215, granted Wastequip's motion for summary judgment, and denied the motions to amend the complaint.

## III. LEGAL FRAMEWORK

### A. *ADA*

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . the . . . discharge of employees." 42 U.S.C. § 12112(a). "ADA discrimination claims are generally subject to the [three-step] *McDonnell Douglas* burden-shifting framework adapted from Title VII discrimination caselaw." *Kilcrease v. Domenico Transp. Co.*, 828 F.3d 1214, 1220 (10th Cir. 2016).

At step one, "a plaintiff carries the burden of raising a genuine issue of material fact on each element of his prima facie case." *Id.* (internal quotation marks omitted). To establish a prima facie case,

> a plaintiff must demonstrate: (1) that [he] is . . . disabled . . . within the meaning of the ADA; (2) that [he] is . . . able to perform the essential functions of the job, with or without reasonable accommodation; and (3) that the employer terminated [his] employment under circumstances which give rise to an inference that the termination was based on [his] disability.

*Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997) (citations omitted). The ADA defines the term "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

"If plaintiff establishes a prima facie case, the burden shifts to the defendant [at step two] to offer a legitimate nondiscriminatory reason for its employment decision." *Kilcrease*, 828 F.3d at 1220 (internal quotation marks omitted). And at step three, "[i]f defendant articulates a nondiscriminatory reason [for its actions], the burden shifts back to plaintiff to show a genuine issue of material fact as to whether the defendant's reason for the adverse employment action is pretextual." *Id.* (internal quotation marks omitted).

## B. *ADEA*

Under the ADEA, it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "To establish a disparate-treatment claim under the plain language of the ADEA . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009). In the absence of direct evidence of age discrimination, we apply the three-step burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1278 (10th Cir. 2010).

To prove a prima facie case at step one, a plaintiff must show: "1) []he is a member of the class protected by the ADEA; 2) []he suffered an adverse employment action; 3) []he was qualified for the position at issue; and 4) []he was treated less favorably than others not in the protected class." *Id.* at 1279 (brackets and internal quotation marks omitted). If the plaintiff succeeds, "the burden of production then shifts to the employer to identify a legitimate, nondiscriminatory reason for the adverse employment action. Once the employer advances such a reason, the burden shifts back to the plaintiff to prove the employer's proffered reason was pretextual." *Id.* at 1278 (citation omitted).

## C. *Retaliation*

Oklahoma law provides that "[a]n employer may not retaliate against an employee when the employee has in good faith[] [f]iled a claim [under the Workers' Compensation laws]." Okla. Stat. tit. 85A, § 7 (2019). The Workers' Compensation Commission has exclusive jurisdiction to hear and decide such claims. *See Southon*

*v. Okla. Tire Recyclers, LLC*, 443 P.3d 566, 573 (Okla. 2019) (holding "[t]he Legislature explicitly gave the Workers' Compensation Commission sole jurisdiction to oversee wrongful termination claims that arise from an underlying Workers' Compensation Claim, . . . and . . . the . . . Commission is fit to adequately protect Oklahoma public policy in this area").

## IV.  STANDARD OF REVIEW

### A.  *Summary Judgment*

We review the district court's grant of summary judgment de novo, "applying the same legal standard as the district court." *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 895 (10th Cir. 2017).  Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Although "[w]e view the evidence and draw reasonable inferences in the light most favorable . . . to the nonmoving party," *Williams*, 849 F.3d at 896, "[f]or dispositive issues on which the plaintiff will bear the burden of proof at trial, he must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to his case in order to survive summary judgment," *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007) (brackets and internal quotation marks omitted).  "Unsubstantiated allegations carry no probative weight in summary judgment proceedings."  *Id.* (internal quotation marks omitted).

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to [summary judgment].

Fed. R. Civ. P. 56(e)(3).  However, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:  (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  *Id.* at 56(d).

**B.  *Motions to Amend***

A motion to amend a complaint is governed by Fed. R. Civ. P. 15(a), which sets out the methods available for amending pleadings before trial.  Because more than twenty-one days had elapsed between the time Wastequip filed its answer and Upchurch filed the motions to amend, he could add new claims or parties only by leave of court or with Wastequip's written consent.  *See id.* at 15(a)(2).  Relevant here, Local Civil Rule 7.1(k) for the United States District Court for the Eastern District of Oklahoma provides that "[a]ll motions to amend shall be accompanied by a proposed order submitted pursuant to the ECF Policy Manual which specifically sets forth what is being amended.  The movant also shall attach to the motion a copy of the signed, proposed amended pleading."

"Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."  *Las Vegas Ice & Cold Storage*

9

*Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (internal quotation marks omitted).  Moreover, "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal."  *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (internal quotation marks omitted).

"We review for abuse of discretion the district court's denial of [a] motion to file an amended complaint."  *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010).  "Under the abuse of discretion standard, a trial court's decision will not be disturbed unless we have a definite and firm conviction that the lower court has made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."  *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) (brackets and internal quotation marks omitted).

> Although we generally review for abuse of discretion a district court's denial of leave to amend a complaint, when this denial is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility.

*Cohen*, 621 F.3d at 1314 (internal quotation marks omitted).

## V.  DISCUSSION

### A.  *Summary Judgment*

The district court found that Wastequip was entitled to summary judgment. As to the ADA claim, the court found that Upchurch "has not provided proof of any impairment, whether occurring prior to or during his employment with Wastequip[,] which meets the standard of substantially limiting a major life activity."  R. at 213. Rather, "[t]he only restriction presented limiting [his] work were those related to his

10

carpal tunnel surgeries[,] which were lifted as of May 1[], 2019 without restriction."
*Id.* With regard to the ADEA claim, the court found that Upchurch failed to come forward with any evidence that he was treated less favorably than others who were not in the protected class or that age was a factor in Wastequip's decision to terminate his employment. The court further determined that the Workers' Compensation Commission had exclusive jurisdiction to decide the retaliation claim.

Upchurch does not raise any substantive argument that the district court erred by granting summary judgment based on the evidence it had before it. Instead, he argues that "it was error [for the district court] to grant summary judgment to [Wastequip] where [he,] the pro se plaintiff[,] was not given any opportunity to engage in discovery." Aplt. Opening Br. at 2. To be sure, Fed. R. Civ. P. 56(d) provides that a nonmovant can ask the district court for the opportunity to conduct discovery to adequately respond to summary judgment; however, Upchurch never made any such request, and having failed to do so, the court did not abuse its discretion in granting summary judgment. "[W]here a party opposing summary judgment fails to take advantage of the shelter provided by Rule 56[(d)] . . . there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." *Campfield v. State Farm Mut. Auto Ins. Co.*, 532 F.3d 1111, 1125, (10th Cir. 2008) (ellipsis and internal quotation marks omitted). Summary judgment was appropriate here.

Nor does Upchurch's pro se status excuse his failure to ask for discovery. "Although a pro se litigant's pleadings are to be construed liberally and held to a less

11

stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets, citation, and internal quotation marks omitted). Here, Upchurch never alerted the court to the need for any discovery.

We also reject Upchurch's further argument that the "mass of documentation [he tendered to the district court] in what he believed was the mandatory disclosure requirements of [Fed. R. Civ. P. 26] . . . should have been considered in opposition to summary judgment." Aplt. Opening Br. at 10-11. Although he fails to specify the nature of these documents, they appear to be a box of documents that he submitted in conjunction with his "Motion for Violation of Conscience," which the court found were "incomprehensible with respect to any claim brought herein," and ordered them returned to Upchurch. R. at 4.

## B.  *Motions to Amend*

We find no abuse of discretion in the district court's denial of Upchurch's motions to amend, which were facially deficient. First, Upchurch maintains that "[t]he proposed amended complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Aplt. Opening Br. at 13 (brackets and internal quotation marks omitted). But the motions did not include proposed amended complaints as required by the local rule, which makes it impossible to evaluate the viability of the proposed amendments. Second, setting aside Upchurch's failure to comply with the local rule, he fails to explain how the

12

proposed new claims were based on facts that were unavailable to him at the time he filed the original complaint or how they set forth viable claims for relief under the EPA, GINA, or Fourth Amendment.  Last, he fails to explain how his proposed new defendant was involved in the decision to terminate his employment.  Although a pro se plaintiff's pleadings are entitled to some allowances, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett*, 425 F.3d at 840.

## VI.  CONCLUSION

The judgment of the district court is affirmed.


                                        Entered for the Court


                                        Paul J. Kelly, Jr.
                                        Circuit Judge