FILED
United States Court of Appeals
Tenth Circuit

May 14, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL DOYLE,

        Petitioner - Appellant,

v.

WARDEN ABBOTT,

        Respondent - Appellee.

No. 09-1064

(D. Colorado)

(D.C. No. 08-cv-02330-ZLW)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Michael Doyle, proceeding *pro se*, seeks a certificate of appealability ("COA") in order to appeal the dismissal of his petition for a writ of habeas

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

corpus pursuant to 28 U.S.C. § 2241. We deny Doyle a COA and dismiss this matter.

## BACKGROUND

At all times relevant to this action, Doyle was an inmate of the Colorado Department of Corrections ("CDOC") at either the Colorado Territorial Correctional Facility ("CTCF") or the Sterling Correctional Facility ("SCF") in Sterling, Colorado.[1] In June 2006, Doyle was charged with two disciplinary convictions, one for advocating or creating a facility disruption (CDOC case No. 061366), and one for unauthorized possession (CDOC case No. 061367). Doyle was placed in administrative segregation, pending disciplinary proceedings, which ended adversely to him.

On August 15, 2006, Doyle filed in the Fremont County, Colorado, district court a complaint pursuant to Colo. R. Civ. P. 106(a)(4),[2] in which he challenged, *inter alia*, his disciplinary convictions in Nos. 061366 and 061367. The Rule

---

[1] It appears from the record that Doyle was at the CTCF when the incidents in question relating to his disciplinary convictions occurred. However, in the district court's Order of Dismissal, the court describes Doyle as residing at the SCF. It is immaterial to the issues in this case whether Doyle was at a particular facility.

[2] Rule 106(a)(4) provides relief in Colorado courts "[w]here any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion." Colo. R. Civ. P. 106(a)(4).

106(a)(4) complaint was dismissed on October 11, 2006, by state district court magistrate judge Robert Freeman, on the ground that the state court lacked subject matter jurisdiction over all allegations that did not seek review of a specific COPD hearing because these allegations did not involve "judicial or quasi-judicial functions," as required under Rule 106(a)(4), and because the remainder of Doyle's complaint was unintelligible and failed to comply with the Colorado court requirement of a "short and plain statement of the facts." Colo. R. Civ. P. 8. Doyle sought to appeal that decision to the Colorado Court of Appeals. On December 12, 2006, however, the appellate court dismissed Doyle's appeal for lack of jurisdiction because Doyle incorrectly appealed to the Colorado Court of Appeals rather than to the district court, as required by Colorado law for decisions by magistrate judges. See Colo. R. Mag. 7.

Doyle then filed a 42 U.S.C. § 1983 action arguing, *inter alia*, that various due process violations had occurred in connection with the two disciplinary actions involved in this case. A panel of this court recently affirmed the dismissal of all of Doyle's claims. Doyle v. Cella, No. 08-1398, 2009 WL 784255 (10th Cir. March 26, 2009) (unpublished). With respect to Doyle's challenges to one of the disciplinary actions challenged in both that case and the instant case, the prior panel stated as follows:

> . . . Doyle claimed that he did not receive a fair disciplinary hearing regarding the second incident because (1) the two officers involved in the incident, Sergeant Cell and Correctional Officer

Reyes, allegedly submitted false reports of the incident; (2) at the hearing he was not allowed to utilize a surveillance-video tape of the incident; and (3) he was not allowed to call Cella and Reyes as witnesses. Ultimately, Mr. Doyle's claims amount to challenges to his convictions for violating the Colorado Department of Corrections Code of Penal Discipline (COPD). But, as the district court noted, 42 U.S.C. § 1983 is inapplicable to "'challenges to punishments imposed as a result of prison disciplinary infractions,'" unless the disciplinary conviction has been set aside. R. Doc. 91 at 7 (quoting Cardoso v. Calbone, 490 F.3d 1194, 1199 (10th Cir. 2007)). Because Mr. Doyle's COPD convictions have not been set aside, the district court dismissed his fair-hearing claim.

Id. at 3. Cardoso applied the rule of Heck v. Humphrey, 512 U.S. 477 (1994), to a conviction for a prison disciplinary infraction. In Heck, the Supreme Court ruled that where success in a prisoner's § 1983 action would implicitly question the validity of a conviction or the length of a detention, then a successful habeas action must precede it. The Supreme Court has stated, however, that Heck does not apply "categorically to all suits challenging prison disciplinary proceedings." Muhammad v. Close, 540 U.S. 749, 754 (2004). As the Court stated, "[t]he assumption is that the incarceration that matters under Heck is the incarceration ordered by the original judgment of conviction, not special disciplinary confinement for infraction of prison rules." Id. at 751 n.1. The rule in Heck was appropriately applied to Doyle's § 1983 action, however, as his "convictions in the COPD cases affected the length of his sentence and/or imposed other punishment including loss of privileges." Doyle v. Cella, 2008 WL 4490111, at *4 (D. Colo. Sept. 30, 2008).

Accordingly, on October 28, 2008, Doyle filed this action initially as a 28 U.S.C. § 2254 habeas action, arguing he was wrongfully convicted of the disciplinary matters.[3] The magistrate judge, however, directed Doyle to re-file his case under 28 U.S.C. § 2241, on the ground that Doyle's challenge was an attack on the execution of his sentence, rather than on the validity of his conviction and/or sentence, and therefore properly brought under § 2241. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000) (noting that if a state prisoner attacks the execution of his sentence, action is properly brought under § 2241; if he attacks the validity of his conviction and/or sentence, action is properly brought under § 2254). The respondent, Warden Abbott ("Warden"), argues that this petition must be dismissed because Doyle has failed to exhaust state court remedies and that this action is barred by the one-year limitation period contained in 28 U.S.C. § 2244(d).

Considering first Doyle's exhaustion argument, the district court found that "Doyle did not fairly present his claims to the state's highest court and that his

---

[3]As Doyle explained in his habeas petition:

> The Plaintiff filed a 106(a)(4) in State Court and § 1983 in Federal Court, I am a layman at law "Excuse." I was informed before I can bring § 1983, I have to have my COPD conviction overturned by dir. App., tribunal, or Habeas, this habeas is filed under "Actual Innocence" and Denial of Due Process, Proof beyond a reasonable doubt . . . .

Application for a Writ of Habeas Corpus at 5, R. Vol. 1 at 7.

claims now are procedurally defaulted." Order at 4, R. Vol. 1 at 107. After

noting that Doyle apparently conceded that he had not exhausted his state

remedies, the court explored whether Doyle's claim that he was actually innocent

of the charged disciplinary offenses could excuse his admitted procedural default.

The district court held as follows:

> Doyle argues that he is actually innocent because there was no
> evidence presented at the prison disciplinary hearings to support his
> convictions in case numbers 061366 and 061367. However, he fails
> to present any new reliable evidence that was not presented at the
> prison disciplinary proceedings to support his argument. Therefore,
> Mr. Doyle cannot demonstrate that a failure to consider his claims
> will cause a fundamental miscarriage of justice. As a result, the
> Court finds that Mr. Doyle's claims are unexhausted and
> procedurally barred.

Id. at 5.

The Warden also argued that Doyle's action was barred by the one-year

period of limitations applicable to habeas petitioners under 28 U.S.C. § 2244(d).

Section 2244(d) provides in pertinent part as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a
> writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court. The limitation period shall run from the
> latest of–
>
> > (A) the date on which the judgment became final by the
> > conclusion of direct review or the expiration of the time
> > for seeking such review;
> >
> > (B) the date on which the impediment to filing an
> > application created by State action in violation of the
> > Constitution or laws of the United States is removed, if

-6-

the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The Warden argues that Doyle's action was time-barred because Doyle's prison disciplinary convictions were final in 2006 and any tolling of the one-year limitation ended in April 2007 when the Colorado Court of Appeals issued its mandate after dismissing Doyle's appeal in the Rule 106(a)(4) proceedings. This action, however, was not filed until October 2008, well beyond the one-year period. The district court held that "Doyle fails to present any reasoned argument for why this action should not be dismissed as barred by the one-year limitation period," and it rejected his argument that Doyle's "actual innocence argument [is] an exception to the one-year limitation period." Order at 6-7, R. Vol. 1 at 109-10.

On appeal, Doyle appears to argue that his due process rights were violated in the disciplinary proceedings, because he was not permitted to introduce

evidence of a videotape he claims would demonstrate that prison staff lied about the circumstances relating to his disciplinary convictions, nor was he able to call certain witnesses.[4] He further claims that he was wrongfully deprived of various items of property and, moreover, that he is actually innocent of the disciplinary convictions. The district court denied Doyle a COA. Doyle renews his request for a COA before this court.

## DISCUSSION

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order for this court to grant a COA, Doyle must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court's denial of habeas relief is based on procedural grounds, Doyle must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). A court need not pass on the constitutional issues raised by Doyle if he cannot make a threshold showing that "jurists of reason could

---

[4]As Doyle is proceeding *pro se*, we have construed his pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); Cannon v. Mullin, 383 F.3d 1152, 1160 (10th Cir. 2004).

conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." Id. at 485.

As indicated, the district court concluded both that Doyle had failed to exhaust his state remedies and that his habeas petition was untimely. As to exhaustion, "Congress has emphatically directed us that habeas petitioners seeking relief in federal court must first exhaust all available state court remedies—that is, unless doing so would be futile because of 'an absence of available State corrective process' or because 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" Magar v. Parker, 490 F.3d 816, 818 (10th Cir. 2007) (quoting 28 U.S.C. § 2254(b)(1)). Like other habeas petitioners, a § 2241 petitioner fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." Picard v. Connor, 404 U.S. 270, 275 (1971); Hawkins v. Mullin, 291 F.3d 658, 668 (10th Cir. 2002). "We may not consider issues raised in a habeas petition that have been defaulted in state court on an independent and adequate procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." Medlock v. Ward, 200 F.3d 1314, 1322-23 (10th Cir. 2000).

As the district court observed, Doyle does not really argue that he failed to exhaust his state remedies by failing to properly appeal the denial of his Rule 106(a)(4) proceeding. He simply argues that his error should be excused by his

*pro se* status, and that he is actually innocent of the charges relating to the disciplinary convictions. Doyle's *pro se* status does not excuse his failure to comply with basic procedural rules, see Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994), and he has presented no "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Thus, we fully agree with the district court that Doyle failed to exhaust his available state remedies prior to initiating these federal habeas proceedings, and he has presented no grounds for overlooking that failure. Accordingly, we conclude that Doyle has not demonstrated that jurists of reason would find it debatable whether the district court was correct in dismissing, on procedural grounds, Doyle's federal habeas petition.

## CONCLUSION

For the foregoing reasons, we DENY a COA and dismiss this matter. We also DENY Doyle's request to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

-10-