FILED
United States Court of Appeals
Tenth Circuit

October 5, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

FREDDY LEE SLACK,

          Plaintiff-Appellant,

v.

JACKIE JONES; JOHN CARROLL;
LISA LEHN; JOHN HYATT,
Capt[a]in; LT. JEFF HAWKINS;
MS. FULTON; GLORIA
MASTERSON; GARY K. WATKINS,

          Defendants-Appellees.

No. 08-1449
(D.C. No. 1:07-CV-1696-CMA-KMT)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, **HOLLOWAY**, and **EBEL**, Circuit Judges.

Freddy Lee Slack, a Colorado Department of Corrections's prisoner, filed a

pro se civil rights lawsuit under 42 U.S.C. § 1983 alleging a violation of his due

process rights during Code of Penal Discipline (COPD) and administrative

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

segregation proceedings that occurred while he was incarcerated at the Fremont Correctional Facility. Mr. Slack contended that he did not receive adequate and timely notice of the charges against him and that he was subject to wrongful, prolonged incarceration. Additionally, he complained about the conditions of his confinement in maximum security administrative segregation and the loss of privileges, including canteen food, radio, television, telephone, an air machine needed for sleeping, and blood pressure medication. Defendants moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. The magistrate judge determined that Mr. Slack's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997); and *Muhammad v. Close*, 540 U.S. 749 (2004) (per curiam), because Mr. Slack failed to prove that his COPD conviction and administrative segregation classification had been reversed. Additionally, the magistrate judge found that ruling in favor of Mr. Slack would imply the invalidity of the COPD and administrative segregation proceedings. Accordingly, the magistrate judge recommended that the claims, for which Mr. Slack sought damages and injunctive relief, be dismissed. The district court adopted the recommendation. Mr. Slack appealed.

I.

Before proceeding to the merits of this appeal, we consider defendants' argument that Mr. Slack waived his right to appeal because he failed to file

specific objections to the magistrate judge's recommendation. This court "ha[s] adopted a firm waiver rule whereby the failure to timely object to a magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Jones v. Salt Lake County*, 503 F.3d 1147, 1152 (10th Cir. 2007) (quotation marks omitted). The firm waiver rule does not apply in two situations: (1) when a pro se litigant was not properly informed of the time period in which to object and the consequences for failing to do so; and (2) where the interests of justice require review. *Id.* The first exception does not apply because Mr. Slack received the appropriate advisements.

Under the circumstances of this case, we conclude that the second exception does apply. Mr. Slack filed pleadings in the district court that he labeled as objections to the magistrate judge's recommendation. These pleadings are vague and do not necessarily discuss the issues presented in his second amended complaint. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (recognizing that general, vague objections may be insufficient to preserve appellate review). But the district court apparently decided the objections were adequate, reviewed de novo, and adopted the magistrate judge's recommendation. Of course, the district court's de novo adjudication does not require us to address Mr. Slack's claims. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1201 n.3 (10th Cir. 2000) ("[E]ven had the district court performed the de novo review normally triggered only by timely and

specific objections to the magistrate judge's report and recommendation, that fact would not preclude application of the waiver rule . . . .").

Nonetheless, we will proceed in the interests of justice to consider the merits of this appeal for two reasons. Mr. Slack, proceeding pro se, attempted to file objections. *See Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (recognizing that pro se litigant's effort to comply may be considered when assessing interests of justice); *see also Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (construing pro se filings liberally). And neither the magistrate judge nor the district court judge considered Mr. Slack's arguments concerning his conditions of confinement and loss of privileges.

II.

We review the district court's Rule 12(b)(6) dismissal de novo. *Kane County Utah v. Salazar*, 562 F.3d 1077, 1085 (10th Cir. 2009). In doing so, we consider whether the complaint "contain[ed] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In liberally construing Mr. Slack's arguments, "we make some allowances for [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements, [but we] cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v.*

-4-

*Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation and alterations omitted).

Mr. Slack first argues that *Heck* and *Edwards* do not apply because his claims concern the conditions and not the fact or duration of his incarceration. He contends that he never claimed a loss of good time credits since he has an undetermined life sentence. He also emphasizes, mostly in general terms, that his segregated confinement subjected him to atypical, significant hardship. But in his reply brief, like in his complaint, he specifically mentions loss of canteen privileges, failure to receive blood pressure medicine, and loss of other privileges enjoyed by inmates in the general prison population. Without elaboration, he contends that defendants personally participated in these Eighth Amendment violations.

As indicated above, Mr. Slack alleged in his second amended complaint that he received inadequate and untimely notice of the charges against him and that he received prolonged incarceration. In his response to defendants' motion to dismiss, he complained that he could not earn good time credits. These allegations necessarily implicate the validity of the disciplinary charges and sanctions imposed, including placement in segregated housing. *Heck* and *Edwards* make clear that Mr. Slack does not have a cognizable § 1983 claim unless he can show that the prison proceedings have been invalidated. *See Heck*, 512 U.S. at 486-87; *Edwards*, 520 U.S. at 646-48 (applying *Heck* to judgments in

prison disciplinary proceedings); *Muhammad*, 540 U.S. at 751 (reciting holdings of *Heck* and *Edwards*). Mr. Slack has made no such showing. Accordingly, we conclude for substantially the same reasons set forth in the magistrate judge's recommendation, adopted by the district court, that Mr. Slack's claims related to his COPD and administrative segregation proceedings are barred by *Heck*, *Edwards*, and *Muhammad*. R. Doc. 64 (magistrate judge's recommendation).

"*Heck*'s requirement to resort to state litigation and federal habeas corpus before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence." *Muhammad*, 540 U.S. at 751. Thus, to the extent Mr. Slack challenged the conditions of his confinement and loss of privileges, *Heck* and *Edwards* do not apply. The district court did not address a conditions-of-confinement claim, but we can confidently conclude as a matter of law that Mr. Slack's second amended complaint fails to state a claim upon which relief may be granted. *See Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1248 (10th Cir. 2000) ("We are free to affirm the rulings of a district court on any ground that finds support in the record. . . . ." (quotation marks omitted)).

Mr. Slack characterized the circumstances of his confinement and loss of privileges in segregation as an atypical, significant deprivation. In *Sandin v. Conner*, 515 U.S. 472, 486 (1995), however, the Supreme Court held that discipline in the form of segregated confinement does "not present the type of

atypical, significant deprivation in which a State might conceivably create a liberty interest." Thus, Mr. Slack cannot state a claim for relief with respect to his loss of canteen food, radio, television, or telephone. In addition, his alleged loss of privileges, the air machine, and the blood pressure medication occurred after he was moved from Fremont Correctional Facility, where all defendants were employed. Thus, he has not, and cannot, allege personal participation by any defendant regarding these alleged losses. *See Cardoso v. Calbone*, 490 F.3d 1194, 1196 n.1 (10th Cir. 2007) (deciding plaintiff did not state claim against defendant where defendant did not personally participate in actions allegedly violating constitutional rights).[1]

### III.

Currently, Mr. Slack has nineteen motions pending before us: (1) "Motion-To Aid in Retaliation" filed August 27, 2009; (2) "Motion to Aid in Retaliation" filed August 17, 2009; (3) "Motion That District Court Had Improperly denied Imminent danger and Retaliation motion and 8th Amendments Violations" filed July 16, 2009; (4) "Motion That Attorney General Lie That Counsel is not aware of any Prior or Related Appeals" filed April 2, 2009; (5) "Motion Enter as Evidence Capt[a]in John Hyatt Memorandum 'RFP' Removal From population inmate Rules" filed March 31, 2009; (6) "Motion to

---

[1] Additionally, we reject any other claims not specifically mentioned in this order and judgment.

Dismiss Attorney General Jennifer S. Huss" filed March 31, 2009; (7) "Atypical Significant Hardship" filed February 18, 2009; (8) "Motion Why was my Three Motion Denied To Have The FBI Contact And Not Look At The Merit By Panel of Judges Like my other 13 motions are?" filed February 18, 2009; (9) "Motion to Aid Proof of The Retaliation of The Violation of my 8th Amendment Because of The unlawful Convi[c]tion of Sexual assault out of Boulder Colorado" filed December 29, 2008; (10) "Motion To Be Moved from 'CSP' Colorado State Prison For Safety From Being Murdered By The Guards and Staff" filed December 29, 2008; (11) "Second Motion to Have the U.S. Marshal Services Pick Up Evidence of DNA Samples of Chemical Poison Food Samples in my cell over 100 of Them" filed December 29, 2008; (12) "Motion of all My COPD Tapes At Fremont Prison And Colorado State Prison And San Carlos Prison Enter as Retaliation Evidence" filed December 18, 2008; (13) "Motion to Have all Future Hearings, Conference By Phone, Preliminarys Outside 'CSP' Colorado State Prison For my Safety and From Retaliation of my civil suit" filed December 18, 2008; (14) "Motion to Admit[] more Evi[]dence Chemical Poison And Blood DNA Samples That The Guards And Staff Have Been Putting in my Food" filed December 18, 2008; (15) "Motion To Be Moved 'To 'DRDC' Denver Reception Diagnostic Center For Medical Treatment And Safety" filed December 18, 2008; (16) "Motion: To Be Removed From San Carlos Prison and 'CSP' Colorado State Prison of Or[]ders To Be Murder By DOC Mental Health [personnel]" filed

December 11, 2008; (17) "Motion:  To Have AR 600-01 For NOV-01-2005 And Capt[a]in John Hyatt Memorandum 'RFP' Removal From Population Inmate Rules Notic[e] of Changes Document 060412 Enter as Evidence of Due Process" filed December 11, 2008; (18) "Motion to Dismiss the Favorable Termination Argument on When The Attorney General John W. Suthers and Assistant Attorney General Jennifer S. Huss #36176, That The Courts Have Base The whole Dismissal On" filed December 11, 2008; and (19) "Motion To Have The United States Marshal Service Pick up over 100 more chemical Poison Food samples with DNA That are in my Cell Right Now.  To Send The Courts of Appeals Proof of my imminent danger of serious physical injury" filed December 11, 2008.

Motions (3), (5), (6), (7), (12), (17), and (18) concern the issues presented in this appeal, which we have already addressed.  Thus, we DENY these motions. We also DENY the other motions.  It is irrelevant that defendants did not address the pending motions.  We will not reconsider our prior ruling concerning the DNA samples.  We will not consider the merits of Mr. Slack's conviction, require that DNA samples be picked up from his cell, or admit new evidence on appeal. No hearings will be held in this case; thus, no telephone hearings are needed. And we will not interfere in the Department of Corrections' imprisonment location decisions.  *See Sandin*, 515 U.S. at 482-83; *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976).

Nor will we intervene in Mr. Slack's other pending district-court litigation or appeals.

IV.

We AFFIRM the judgment of the district court and DENY the pending motions listed above. We GRANT Mr. Slack leave to proceed on appeal in forma pauperis, but remind him that he remains obligated to continue making partial payments until the entire appellate filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

Entered for the Court


William J. Holloway, Jr.
Circuit Judge

-10-