**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 23, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MIKEAL GLENN STINE,

Plaintiff–Appellant,

v.

U.S. FEDERAL BUREAU OF PRISONS;
DAVID ALLRED, Clinical Director;
BLAKE DAVIS, Warden, ADX; MR.
MUNSON, Associate Warden, ADX; A.
OSAGIE, Physician Assistant, ADX; MR.
SMITH, Assistant, Administrative Health
Services; R. HUDDLESTON,
EMT/ADX; MR. MANSPEAKER,
Correctional Officer, ADX,

Defendants–Appellees.

No. 12-1098
(D.C. No. 1:11-CV-00109-WJM-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

submitted without oral argument.

Plaintiff Mikeal Stine, a federal prisoner proceeding pro se, appeals the district court's dismissal of his civil rights complaint on summary judgment. Plaintiff has an extensive history of filing frivolous and malicious actions in federal courts. For this reason, the district court in a previous case imposed prospective filing restrictions on any of his future pro se complaints. *Stine v. Lappin*, No. 07-CV-01839, 2009 WL 2848849, at *5, 20-22 (D. Colo. Sept. 1, 2009). In the present case, Plaintiff filed a *Bivens* complaint asserting claims of inadequate dental care, inadequate medical care for a knee injury, false imprisonment, and unsafe conditions at the prison. The magistrate judge noted that Plaintiff had failed to comply with the district court's filing restrictions but, due to "a continuing concern for the safety of prisoners housed within [the] jurisdiction" (R. Vol. I at 93), directed the warden to provide a statement addressing Plaintiff's allegations of inadequate dental and medical care. After considering the materials submitted by the warden, the district court ordered Plaintiff's dental claims be assigned to a district judge and a magistrate judge despite his failure to comply with the filing restrictions. All other claims were dismissed. The district court ultimately granted summary judgment to Defendants, concluding that Plaintiff had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). It then denied Plaintiff leave to file a third amended complaint. Plaintiff appeals these decisions.

Plaintiff raises three issues on appeal. First, he argues the district court erred in refusing to consider the affidavits of four other inmates Plaintiff submitted as evidence of

the prison's refusal to provide administrative remedy forms.[1]  Second, he argues summary

judgment was otherwise inappropriate.  Finally, Plaintiff argues the district court erred in

denying him leave to file a third amended complaint.  We address each of these

arguments in turn.

"Like other evidentiary rulings, we review a district court's decision to exclude

evidence at the summary judgment stage for abuse of discretion."  *Sports Racing Servs.,*

*Inc. v. Sports Car Club of Am., Inc.*, 131 F.3d 874, 894 (10th Cir. 1997).  Plaintiff argues

the district court erred when it refused to consider the affidavits of four of his fellow

inmates because they contained inadmissible hearsay.  The district court agreed with the

magistrate judge's report and recommendation and concluded the affiants' statements that

they heard Plaintiff ask for administrative remedy forms were hearsay because they were

"recounting Plaintiff's statements made outside of the courtroom and [were] offered for

the truth of the matter asserted, *i.e.* that Plaintiff requested administrative grievance

forms."  (R. Vol. IV at 170.)  However, as Plaintiff correctly points out, the affiants'

accounts of hearing Plaintiff request administrative remedy forms are not hearsay.  Nor

<hr/>

[1] Plaintiff relies on the affidavits of Terry Nichols, Mark Allen, Tim Hume, Michael Birman, Willie Clark, and Greg Storey. (Appellant's Opening Br. at 24.)  After reviewing the record, we are unable to identify any affidavit submitted by Michael Birman or Greg Storey.  Plaintiff additionally refers to the affidavit of Richard Nunes, which was attached to his response and considered by the district court, and concedes it was not offered as direct evidence he had been denied administrative remedy forms.  (*Id.* at 6.)  Rather, it was offered only as evidence that the denial of administrative remedy forms for dental issues "is not an isolated incident" and is "common practice within the ADX facility."  (*Id.*)  We therefore consider only the affidavits of Terry Nichols, Mark Allen, Tim Hume, and Willie Clark.

are their accounts of the prison officials' responses and refusal to provide the forms. Neither are offered to prove the truth of what Plaintiff or the prison officials said—such as, "May I have a form?" and "No, you may not"—but rather, they are offered to prove that such exchanges took place.[2] Furthermore, the affiants' affidavits make clear their accounts are each based on what they personally overheard and saw, not what Plaintiff told them. Accordingly, the district court abused its discretion when it failed to consider these affidavits.

Having concluded the district court erred in excluding the affidavits of four of Plaintiff's fellow inmates, we now turn to whether, considering these affidavits, summary judgment was appropriate. In doing so, "[w]e review [the] district court's decision to grant summary judgement de novo, applying the same standard as the district court." *Lundstrom v. Romero*, 616 F.3d 1108, 1118 (10th Cir. 2010) (internal quotation marks omitted). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Defendants' motion for summary judgment was based on Plaintiff's alleged failure to exhaust administrative remedies. In response to Defendants' motion, Plaintiff did not

---

[2] Each of the four affiants recounted only generally what they had seen and heard. For example, one stated that he "heard Stine request administrative remedies on dental and medical and when he stated medical and dental they would just walk away not providing the grievance." (R. Vol. III at 55 (capitalization omitted).) As a result, we do not have any specific statements made by Plaintiff or the prison officials to evaluate.

dispute he failed to exhaust the claims in his second amended complaint. Rather, he

argued that prison officials refused to issue the required administrative remedy forms

necessary to exhaust, thereby rendering the grievance procedure unavailable. *See Little v.*

*Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) ("Where prison officials prevent, thwart, or

hinder a prisoner's efforts to avail himself of an administrative remedy, they render that

remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust.") In

support of this argument, Plaintiff offered affidavits from four fellow inmates

demonstrating he had, on several occasions, been denied the necessary administrative

remedy forms. In addition to concluding these inmates' affidavits contained inadmissible

hearsay, which, as previously discussed, was error, the magistrate judge further concluded

that they did not create a genuine issue of fact because they did not sufficiently identify

specific dates or individuals and did "not establish that Mr. Stine was prevented from

exhausting all required steps of administrative remedies as to his claim of denied

treatment."[3] (R. Vol. IV at 81-82.) We see no such deficiencies in the affidavits.

Although perhaps not models of clarity, the affidavits Plaintiff submitted identified

late November 2010 through January 2011 as the relevant time during which the affiants

observed Plaintiff's inability to obtain administrative remedy forms. This time period

was variously described as "around Thanks Giving [sic] of 2010" and "Xmas 2010

_____

[3] The district court, in adopting the magistrate judge's report and recommendation, did not address these alternative perceived deficiencies. Rather, it refused to consider the affidavits, concluding they contained inadmissible hearsay.

-5-

through early 2011" (R. Vol. III at 55), "around Xmas and first part of 2011" (*id.* at 54), and "the months of Dec. 2010 and Jan. 2011" (*id.* at 695 (capitalization omitted)). One of the affiants further identified four specific days on which he observed prison officials refuse to provide administrative remedy forms to Plaintiff. (R. Vol. II at 88 ("January 04, 05 and/or 06, 2011" and "January 13, 2011").) Similarly, the affiants identified specific prison officials whom they had observed refuse to provide the forms: Mr. Foster (R. Vol. II at 88; R. Vol. III at 54, 695), Ms. Sudlow (R. Vol. II at 88; R. Vol. III at 54), Ms. P. Rangel (R. Vol. III at 54), as well as other unspecified "unit team member[s]" (R. Vol. II at 88; *see also* R. Vol. III at 695). Viewing these facts in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor, as we must, we conclude the affidavits are sufficiently specific to create a genuine dispute as to whether Plaintiff was denied access to administrative remedy forms during the period from late November 2010 through January 2011. We see no reason that, in order to meet his burden at summary judgment, Plaintiff was required to present evidence he had specifically requested and been denied every level of administrative remedy form when the previous level form had been withheld.

We conclude Plaintiff has created a triable issue of whether during late November 2010 through January 2011 he was prevented, and thereby excused, from exhausting administrative remedies. This time period, however, does not encompass all claims raised in Plaintiff's second amended complaint. Plaintiff has provided no evidence that prior to November 2010 or after January 2011, he was similarly denied access to

administrative remedy forms for his dental issues. Accordingly, summary judgment was inappropriate only on the claims that Plaintiff would have been required to exhaust during that period. These include Plaintiff's claim that there was a delay in his dental treatment from November 28, 2010, until February 3, 2011 (R. Vol. III at 77 ), that on January 7, 2011, Defendant Osagie did not address Plaintiff's complaint of "teeth infection" (*id.* at 71), and that during "the rest of Jan. 2011 . . . Mr. Rogers, Vanderman, and Huddleston all stated we can't do anything for you" (*id.* at 72 (capitalization omitted)). As for the remaining claims, the four affidavits do not satisfy Plaintiff's burden on summary judgment of establishing that he exhausted, or was prevented from exhausting, administrative remedies.

Plaintiff argues that summary judgment was inappropriate for three additional reasons. First, Plaintiff argues summary judgment was inappropriate because he presented evidence that prison officials told him they would take care of his complaints, thereby excusing him from complying with the administrative remedy procedure. As the district court noted, other circuits have held that "[a]n administrative remedy is not 'available,' and therefore need not be exhausted, if prison officials erroneously inform an inmate that the remedy does not exist or inaccurately describe the steps he needs to take to pursue it." *Pavey v. Conley*, 663 F.3d 899, 906 (7th Cir. 2011); *see also Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010) ("When a prisoner has no means of verifying prison officials' claims about the administrative grievance process, incorrect statements by officials may indeed make remedies unavailable."). Plaintiff argued that

-7-

administrative remedies were unavailable to him because "there is no reason to file remedy or litigation because they Mr. Davis, warden and Mr. Munson, associate warden would take care of my dental needs." (R. Vol. III at 689 (capitalization omitted).) In doing so, Plaintiff referred to the following statement contained in his verified second amended complaint:

> During the month of Jan. 2011 Mr. Blake Davis, and Mr. Munson/associate warden making weekly security rounds stopped at my cell and stated we will take care of it (no need to tell the court or file anything)[.] I advised that Mr. Foster: Mr. Madisen filing [sic] in for Mr. Foster and Ms. Tena Sudlow had all refused me administrative remedies on being refused dental since 11-28-2010 and medical on my knee since Jan 3rd 2011, Mr. Munson and Davis stated well theres [sic] no need we will take care of it, I told them I can take this to the court because them refusing me the administrative remedies makes the administrative remedy process unavailable and exhausted, they stated were [sic] going to get you some help that never came . . . .[4]

(R. Vol. III at 71-72 (capitalization omitted).)

We agree with the magistrate judge that this statement falls short of a representation that Plaintiff need not comply with the administrative remedy process. "Although [o]ur summary judgment standard requires us to view the facts in the light most favorable to the non-moving party[,] it does not require us to make unreasonable inferences in favor of the non-moving party." *Carney v. City & Cnty. of Denver*, 534 F.3d 1269, 1276 (10th Cir. 2008) (internal quotation marks omitted) (alterations in

---

[4] Plaintiff now describes the prison officials' statements as "no need to file grievance or to court we get you treated" (Appellant's Opening Br. at 6 (capitalization omitted)) and "that they would take care of it, and ensure I was given dental treatment" (*id*. at 17 (capitalization omitted)).

original).  It would be unreasonable to infer from the prison officials' statement that they "will take care of it" that Plaintiff was entirely excused from following the administrative remedy process either with regard to that particular claim or, more broadly, for all dental-related claims that might arise in the future.  At most, the prison officials were informing Plaintiff they would see to it that his dental concerns, primarily his claim that he had been denied treatment since November 2010, were addressed.  Furthermore, Plaintiff has repeatedly stated that the alleged conversation took place in January 2011, after Plaintiff informed the prison officials he had been denied administrative remedy forms for his complaint about the lack of dental treatment since November 2010.  Even accepting that the prison officials' statements excused Plaintiff from exhausting administrative remedies, it would be with respect to this claim only, and not the claims that arose after the representation was made.  Accordingly, the prison officials' alleged representation does not create a genuine dispute as to whether Plaintiff was excused from exhausting administrative remedies for the remaining claims.

Plaintiff next argues that summary judgment on his claim against Defendant Manspeaker was inappropriate because he had not learned of the facts giving rise to that claim until sometime later and therefore had no opportunity to exhaust his administrative remedies.  However, Plaintiff did not raise this argument until his objection to the magistrate judge's report and recommendation.  It is well settled that, "[i]n this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).  We therefore

decline to address Plaintiff's argument that summary judgment against Defendant Manspeaker was improper.

In his last challenge to the district court's grant of summary judgment, Plaintiff argues generally that the district court erred in refusing to "consider[] the complete file and [listed documents]" that were part of the docket, but had not been submitted in connection with his response to Defendants' motion for summary judgment. (Appellant's Opening Br. at 7 (capitalization omitted).) Plaintiff does not point to any specific piece of evidence in the record that, had it been considered, would have supported his opposition to summary judgment. While we and the district court liberally construe Plaintiff's pro se pleadings, "we do not act as his advocate." *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007). "Thus, although we make some allowances for the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,] the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and *searching the record*." *Garett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks and citation omitted) (alterations in original) (emphasis added). We see no error in the magistrate judge's or district court's treatment of Plaintiff's pleadings, which included careful consideration of his various arguments.

For the foregoing reasons, we conclude the district court erred in granting summary judgment on Plaintiff's claims that arose during November 2010 through

January 2012.  However, summary judgment was appropriate on the remaining claims because Plaintiff offered no evidence he was excused from exhausting those claims.

We turn now to Plaintiff's challenge to the district court's order denying him leave to file a third amended complaint.  The magistrate judge's report and recommendation, which the district court adopted, set forth two reasons for the denial of Plaintiff's motion to amend:  first, Plaintiff's proposed amendments were futile because of his failure to exhaust administrative remedies, and second, "[a]llowing Mr. Stine to allege additional claims against new defendants based on actions taken after the filing of his original Complaint would defeat the purposes of Mr. Stine's filing restrictions, filing fees, the three strikes provision of § 1915(g), and the imminent danger exception."  (R. Vol. IV at 86.)  The district court adopted the magistrate judge's recommendation after determining Plaintiff had not objected to this portion of the report and recommendation.  After reviewing Plaintiff's objection and construing it liberally, we conclude Plaintiff did object to the magistrate judge's determination that he had failed to exhaust his proposed claims against Mr. Rogers.  (*See* R. Vol. IV at 156 ("The courts accross [sic] the board have held that new issues can be added that happen after complaint was filed that are now exhausted . . . see Exhibit (3) attached hereto that the new + related issue in relation to Third Amended Complaint against EMT Roger's [sic] should be allowed." (capitalization omitted)), 162 (labeling Exhibit 3 as "Total Exhaustion for EMT/Rogers Refusing to Respond to Emergency" (capitalization omitted)).)  However, Plaintiff did not object to the magistrate judge's determination that permitting Plaintiff to file the proposed third

amended complaint would allow him to circumvent the PLRA. Plaintiff therefore waived this issue, *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010), and is unable to challenge the magistrate judge's second basis for recommending that his motion to amend be denied. We therefore need not address Plaintiff's argument that he sufficiently exhausted his claims against Mr. Rogers.

For the foregoing reasons, we **REVERSE** the district court's grant of summary judgment on Plaintiff's three claims that arose during November 2010 through January 2011 and **REMAND** for further proceedings consistent with this order. We **AFFIRM** the district court's grant of summary judgment on Plaintiff's remaining claims and its denial of Plaintiff's motion to amend. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. Plaintiff is reminded of his continuing obligation to make partial payments until the filing fee has been paid in full. All other pending motions are **DENIED.**

Entered for the Court


Monroe G. McKay
Circuit Judge

-12-