**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICHARD L. DOPP,

        Petitioner - Appellant,

v.

JUSTIN JONES, Director DOC;
RANDALL WORKMAN, Warden,

        Respondent - Appellee.

No. 14-6025
(D.C. No. 5:12-CV-00703-D)
(W. D. Okla.)

---

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

Petitioner and appellant, Richard L. Dopp, an Oklahoma state prisoner

proceeding *pro se*, seeks a certificate of appealability (COA) in order to appeal

the district court's denial of his petition under 28 U.S.C. § 2241. Having

concluded that he fails to meet the standards for issuance of a COA, we deny Mr.

Dopp's request for a COA and dismiss this matter.

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Mr. Dopp is serving a sentence of life imprisonment, without the possibility of parole. Mr. Dopp claims that he was denied substantive and procedural due process in connection with two disciplinary convictions, in which he was found guilty of escape and of possession of contraband. He accordingly filed the instant habeas petition, pursuant to 28 U.S.C. § 2241. Additionally, Mr. Dopp filed a Motion for Preliminary Injunction and/or Temporary Restraining Order, seeking mandated access to an adequate law library and legal materials.

Both matters were referred to a magistrate judge. With respect to the request for injunctive relief, the magistrate judge issued a Report and Recommendation, explaining her rationale for denying the requested relief:

> Petitioner's underlying habeas claims allege a lack of procedural and substantive due process in prison disciplinary proceedings and bear no relationship to Petitioner's subsequent alleged denial of access to a law library and legal materials. Therefore, the undersigned finds that a preliminary injunction would be inappropriate in the instant case and recommends that the motion be denied.

9/19/2012 Report & Recommendation at 2.

With respect to the habeas petition, the magistrate judge "recommends that the Petition be summarily dismissed without prejudice in accordance with Rule 4 of the Rules Governing Section 2254 Cases because even if Petitioner's allegations are true, the court cannot grant any effective remedy in habeas relief." 2/7/2013 Report & Recommendation at 1.

The district court adopted each Report in separate Orders, further explaining its reasons for agreeing with the magistrate judge's recommendations. It then dismissed Mr. Dopp's habeas petition without prejudice, and denied his motion for a preliminary injunction or temporary restraining order. The district court subsequently denied Mr. Dopp's motion to Alter or Amend/Reconsider. The court did not address the availability of a COA to permit an appeal, but it did grant Mr. Dopp's' motion for leave to proceed *in forma pauperis* on appeal, finding that he "has made reasoned, nonfrivolous arguments in support of the issues to be raised on appeal." 3/10/2014 Order at 1. Mr. Dopp requests a COA from this court to enable an appeal from the denial of his habeas petition.

## DISCUSSION

A state prisoner must obtain a COA before pursuing a habeas petition. Allen v. Zavaras, 568 F.3d 1197, 1199 (10th Cir. 2009); 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right," which is accomplished when an applicant shows "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). An applicant denied habeas relief on procedural grounds "must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural

ruling.'" Coppage v. McKune, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting Slack, 529 U.S. at 484).

As indicated, Mr. Dopp is serving a life sentence without the possibility of parole for a drug trafficking crime committed after a previous felony conviction. Accordingly, under Oklahoma law, he is not eligible to earn time credits toward completion of his prison term, nor is he eligible for parole. See Okla. Stat. tit. 57, §§ 138(A), 332.7(A). This was the basis upon which the magistrate judge recommended summary dismissal without prejudice.

In his objections to the magistrate judge's Report, Mr. Dopp argued that the magistrate judge had overlooked the possibility that the disciplinary convictions might deprive him of an opportunity to obtain a commutation of his sentence. His argument is that if the misconduct convictions remain on his record he will never receive a favorable recommendation by the Pardon and Parole Board or any favorable actions by the Governor on an application for commutation. Mr. Dopp thus claims that the disciplinary convictions will inevitably affect the duration of his sentence to some degree.

The district court conducted a de novo review of the issue, and determined that "the possibility that Petitioner's misconduct convictions might one day disadvantage him with respect to a possible commutation of his sentence is too speculative to provide a basis for a writ of habeas corpus. The cases on which Petitioner relies are inapposite and address the issue of whether a protected

-4-

liberty interest was infringed." 3/20/2013 Order at 2. We agree with the district court's analysis, as we explain further below.

"The Fourteenth Amendment prohibits states from depriving citizens of liberty without due process of law." Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005); see Sandin v. Conner, 515 U.S. 472 (1995) (holding that prisoners are entitled to due process before being subjected to disciplinary conduct that inevitably affects the duration of their sentence). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation of interest created by state laws or polices." Wilkinson v. Austin, 545 U.S. 209, 221 (2005); see also Ky, Dep't of Corr. v. Thompson, 490 U.S. 454, 461 (1989) ("[S]tate law may create enforceable liberty interests in the prison setting.").

In Wilson, the plaintiff, an Oklahoma state prisoner, was convicted of a Class X misconduct, which required his classification level to be reduced from four to one. That mandatory reduction implicated a liberty interest because "[p]rison officials exercised absolutely no discretion over the imposition of [the punishment] and had no discretion to allow [the plaintiff/prisoner] to avoid [punishment]." Wilson, 430 F.3d at 1120-21. Because the misconduct conviction "'inevitably affect[ed] the duration of [the prisoner's] sentence,'" id. at 1120 (quoting Sandin, 515 U.S. at 487), he was entitled to the due-process protections of Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Wilson, 430 F.3d at 1124.

-5-

By contrast, in Cardoso v. Calbone, 490 F.3d 1194, 1198 (10th Cir. 2007), we held that a prisoner's reduction in classification was "not mandatory" and therefore did not implicate a liberty interest. Wilson and Cardoso thus indicated that if the prisoner's demotion was not discretionary and did inevitably affect the duration of his sentence, he had a liberty interest in his credit-earning classification level. That is not the case here, where Mr. Dopp has no liberty interest in maintaining an incident-free disciplinary record, so that he might possibly (indeed, entirely speculatively) receive favorable commutation consideration.

Furthermore, the district court observed that the magistrate judge's recommendation for dismissal of Mr. Dopp's habeas petition was "not based on the lack of a protected liberty interest but the unavailability of a habeas remedy." 3/20/2013 Order at 3. As the court noted, "[i]n this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." Id. (quoting Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (citing McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997))). By contrast, a request for "a change in the place of confinement is properly construed as a challenge to the conditions of confinement" and must be brought as a civil rights action. Id. Similarly, a request or a "challenge to a transfer from one security level to another or from one prison to another is

cognizable under § 1983." Boutwell v. Keating, 399 F.3d 1203, 1209 (10th Cir. 2005).

In sum, expungement of Mr. Dopp's misconduct convictions in this case would not result in a speedier release from prison, because it implicates no liberty interest nor does it affect his right to earn time credits or be considered for parole, as he has no such right. As the district court stated, "[t]he only effect of expungement would be to increase Petitioner's inmate classification and improve his housing assignment under maximum security at OSP; in other words, the relief he seeks would affect only his conditions of confinement. Under the circumstances, Plaintiff's remedy is a civil action for relief under § 1983." 3/20/2013 Order at 3. The court accordingly adopted the Report and dismissed the 28 U.S.C. § 2241 petition without prejudice to refiling.

Finally, we note that Mr. Dopp argues in his request for a COA that he should have been permitted to amend his petition prior to dismissal. This is the first time Mr. Dopp suggests he might want to amend his petition, or claims that the district court erred in failing to spontaneously grant such amendment. Generally, we decline to consider issues raised for the first time on appeal. See United States v. Mora, 293 F.3d 1213, 1216 (10th Cir. 2002). And, while we construe Mr. Dopp's *pro se* pleadings liberally, we do not excuse him from following "the same rules of procedure that govern other litigants." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

We therefore do not consider Mr. Dopp's argument that he should have been permitted to amend his petition. We do note, however, that the dismissal of his petition is without prejudice to refiling.

## CONCLUSION

For the foregoing reasons, we DENY Mr. Dopp a COA and DISMISS this matter.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge