**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**April 21, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

SHAIDON BLAKE,

    Plaintiff - Appellant,

v.

JEFF ZMUDA; SAM CLINE; (FNU)
GORMAN; ANGELA RANDOLPH; AJ
JOHNSON,

    Defendants - Appellees.

No. 21-3236
(D.C. No. 5:21-CV-03047-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **KELLY**, and **ROSSMAN**, Circuit Judges.[**]
_____

Plaintiff-Appellant Shaidon Blake, a state inmate appearing pro se, appeals

from the district court's dismissal of his amended complaint for failure to state a

claim. See Blake v. Zmuda, No. 21-3047, 2021 WL 5950213 (D. Kan. Dec. 16,

2021). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

**Background**

Mr. Blake is an inmate at the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas.  On February 12, 2021, Mr. Blake filed a complaint under 42 U.S.C. § 1983 alleging "gross negligence / deliberate indifference" and "attempt[ed] negligent Homicide" for failing to enforce various COVID-19 policies.  Mr. Blake asserted that prison staff violated the mask-wearing policy.  He also alleged that after having tested negative for COVID-19, he was placed in a quarantine cell that was improperly sanitized after an inmate with COVID-19 had occupied the cell.  He further alleges that he tested positive for COVID-19 soon after.  Mr. Blake sought compensatory and punitive damages.

On June 29, 2021, the district court, acting sua sponte under 28 U.S.C. § 1915A and § 1915(e)(2)(B), ordered Mr. Blake to show cause why his complaint should not be dismissed for failure to state a claim or to file an amended complaint to cure its deficiencies.  On July 8, 2021, Mr. Blake filed an amended complaint.  He realleged his deliberate indifference claim under the Eighth Amendment and asserted an additional claim for violations of his due process and equal protection rights under the Fifth and Fourteenth Amendments.  He alleged that prison officials falsified disciplinary reports and placed him in segregation without a disciplinary hearing. Mr. Blake sought injunctive relief in the form of a transfer to a facility in Maryland and compensatory and punitive damages.

On November 9, 2021, the district court ordered Mr. Blake to show cause why his amended complaint should not be dismissed for failure to state a claim.  Mr.

Blake responded on November 22, 2021, largely reasserting the factual allegations in his amended complaint. On December 16, 2021, the district court issued an order dismissing Mr. Blake's amended complaint. See Blake, 2021 WL 5950213, at *3. As to the Eighth Amendment claim, the court concluded that Mr. Blake's "allegations suggest, at most, negligence and do not rise to the level of deliberate indifference." Id. at *1. As to the due process and equal protection claim, the court concluded that Mr. Blake failed to allege that his segregation assignment "imposed any atypical and significant hardship" that would amount to a constitutional violation. Id. at *2.

**Discussion**

"We review de novo the district court's decision to dismiss a complaint under [28 U.S.C.] § 1915(e)(2) for failure to state a claim." Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir. 2001). At this stage, the amended complaint need only "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020) (quoting Cummings v. Dean, 913 F.3d 1227, 1238 (10th Cir. 2019)). Mr. Blake is entitled to a liberal construction of his amended complaint as he is proceeding pro se. Smith v. Allbaugh, 921 F.3d 1261, 1268 (10th Cir. 2019). "To state a claim under § 1983, [Mr. Blake] must allege the violation of a right secured by the Constitution and laws of the United States." West v. Atkins, 487 U.S. 42, 48 (1988). This he has not done.

A.    Deliberate Indifference Claim

"Under the Eighth Amendment, prison officials have a duty to . . . 'tak[e] reasonable measures to guarantee the safety of . . . inmates.'" Requena v. Roberts, 893 F.3d 1195, 1214 (10th Cir. 2018) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)).  To plead a deliberate indifference claim, an inmate must allege: "(1) 'that the conditions of his incarceration present an objective substantial risk of serious harm' and (2) 'prison officials had subjective knowledge of the risk of harm.'" Id. (quoting Howard v. Waide, 534 F.3d 1227, 1236 (10th Cir. 2008)).  Subjective knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Mr. Blake has not alleged sufficient facts tending to show that Defendants knew the segregation cell was not sanitized, a substantial risk of serious harm existed by placing him in that unsanitized cell, and Defendants deliberately disregarded that risk.  Although Mr. Blake has alleged that he filed various grievances regarding prison staff violations of COVID-19 policies, even an official's failure to act on a risk he should have perceived is not enough to establish deliberate indifference. Farmer, 511 U.S. at 838.  At most, Mr. Blake's allegations amount to a claim of negligence.

B.    Equal Protection and Due Process Claim

The due process clause "protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish

that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Due process liberty interests created by prison regulations are generally limited to "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." Wilkinson, 545 U.S. at 221.

Mr. Blake alleges that he was denied due process and equal protection[1] when Defendants placed him in segregation without a disciplinary hearing. To the extent that Mr. Blake seeks monetary damages, the claim is barred as a state prisoner may not assert a claim for damages under § 1983 when the relief would necessarily imply the invalidity of his disciplinary conviction. See Cardoso v. Calbone, 490 F.3d 1194, 1199 (10th Cir. 2007) (citing Edwards v. Balisok, 520 U.S. 641, 643 (1997)). As to the remainder of the requested relief, Mr. Blake does not allege that his segregation assignment imposed an atypical and significant hardship, therefore, he has no liberty interest in the conditions of his confinement. See Sandin, 515 U.S. at 485–86. Moreover, insofar as his requested return to Maryland, he has no right to any particular place of confinement. See Meachum v. Fano, 427 U.S. 215, 224 (1976).

---

[1] Although Mr. Blake labels this claim as both a due process and equal protection claim, his factual allegations only substantively address due process.

5

AFFIRMED.  We GRANT the motion to proceed IFP on appeal and remind

Mr. Blake that he is obligated to continue making partial payments until the entire fee

has been paid consistent with the Clerk's February 28, 2022, order.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge